# MARKWALD, CASPARI & CO. *v.* THEIR CREDITORS.

The right of a vendor of goods to a stoppage *in transitu* exists until they arrive at their final destination or come into the possession of the consignee. Depositing the goods at an intermediate point with an agent of the vendee, to be forwarded, does not terminate the *transitus.*

APPEAL from the District Court of the Twelfth Judicial District.

The facts in this case, as established by the report of the referee, are as follows: Markwald, Caspari & Co. purchased in Havana an invoice of cigars of J. F. & P. H. Berndes, and directed them to be shipped to Parvenstadt & Schumacker, at New York, directing the Havana house to draw on M. C. & Co.'s agents in London for the price. M., C. & Co. directed the New York house, on receipt of the goods, to re-ship them to San Francisco, paying the necessary duties and charges. While the goods were on their voyage from New York to San Francisco, M., C. & Co. became insolvent and filed their petition for a discharge. The bills of J. F. & P. H. Berndes on London were dishonored, and they filed their petition in the Court below that the goods, not yet arrived, may be delivered to them, claiming a right of stoppage *in transitu.* The application was resisted by the assignee in insolvency of M., C. & Co., and the referee reported that the latter was entitled to the goods. The vendors moved the Court below to set aside the report of the referee, which motion being denied, and judgment entered thereon, they appealed.

*Brooks* for Appellants.

"The rule to be collected from all the cases is, that they are in *transitu* so long as they are in the hands of the carrier, as such, whether he was or was not appointed by the consignee, and, also, so long as they remain in any place of special deposit connected with their transmission." 1 Smith's L. C., 433; Whitehead *v.* Anderson, M. and W., 518, cited 1 Smith's L. C., 43; The St. José Mediaño, 1 Wheat., 208; Reybury *et al. v.* Snell, 2 Wash., C. C. R., 403.

"A claim by the consignee upon the carrier—a person having the goods at any time before the transit ends—is sufficient to revert the property in him; but actual possession by the consignee is necessary to prevent a stoppage, nor is he obliged to refund the part payment, or the freight." Newhall *v.* Vargus, 1 Shep., 93; Buckley *v.* Furness, 17 Wen., 504.

The right of stoppage in *transitu* continues while the goods remain in the hands of a warehouseman, though at the place to

which they were directed to be sent, if that be an intermediate point between the place of sale and the ultimate destination of the goods. Cowell *v.* Hitchcock, 23 Wen., 611; 20 ib., 167; Naylor *v.* Dennie, 8 Pick, 198; Stubbs *v.* Lund, 7 Mass., 453; Ilsley *v.* Stubbs, 9 Mass., 65; Dunatte *v.* Broomhead, 7 Barr., 301.

*Sidney V. Smith* for Respondents.

The general rule is that the vendor has the right to stop goods, while on their way to the vendee; but this rule may be controlled by the vendee taking possession before they reach the place of their ultimate destination. Oppenheim *v.* Russell, 3 Bosanquet & Puller, 54; Mills *v.* Ball, 2 Bosanquet & Puller, 461.

The above cases are recognized by Kent in 2 Com., 547, as containing the law as it now stands. Wright *v.* Lawes, 4 Esp, R., 82; Valpy *v.* Gibson, in 4 Mann., Grang. & Scott, 837; 56 Eng. Com. Law Repts., 835.

Applying this rule of law to the case at bar, the respondent says, that inasmuch as Pavenstadt & Schumacker, at New York, were the special agents of Markwald & Caspari, to receive the goods and exercise over them certain well defined acts of ownership; such as entering the goods in the bonded warehouse; giving bonds for the duties thereon in the name of Markwald & Caspari; withdrawing them from bond and re-shipping them under new bills of lading; payment of freight, charges, etc.; that the right to stop was at end when the goods reached New York.

Pavenstadt & Schumacker were not mere middle-men, but were the special agents of Markwald & Caspari, acting for them and in their name, and a delivery to them as such agents, is a delivery to Markwald & Caspari.

"An actual delivery of the goods to the vendee, or a constructive delivery to him by a delivery to his agent, who is authorized by him to receive the goods as such agent, and not as a mere middle-man, puts an end to the vendor's right." Mottram *v.* Heyer, 5 Denio, 630.

Terry, J., delivered the opinion of the Court—Murray, C. J., concurring.

The facts reported by the referee do not sustain the judgment.

It is well settled that the right to stop goods *in transitu*, exists until they arrive at the termination of their journey or have come into the possession of the consignee. Depositing them at an intermediate point with an agent of the vendee, for the purpose of being forwarded, does not terminate the *transitus*. Abbot on Shipping, 628; 1 Smith, L. C., p. 433.

Pavenstadt & Schumacker, of New York, were agents only for the purpose of expediting the carriage of the goods to their

original destination, and performed only such acts as were necessary to this end.

Judgment reversed.