## BLACKMAN *et al. v.* PIERCE.

THE vendor of goods who has sold them on credit to one who is insolvent, has a right to stop the goods and take them into his possession at any time before they arrive at their place of destination, and go into the possession of the purchaser.

This right of stoppage *in transitu* is paramount to any lien on the goods claimed by third persons through the purchaser, and may be exercised to defeat an attachment or execution levied upon the goods by a creditor of the vendee.

When a warehouseman, who has goods in charge, states to one who is about to take possession of the same, by a legal process, that he has no charges on the goods, this is a waiver of the warehouseman's lien for charges, if any he had.

APPEAL from the District Court, Fifteenth Judicial District, Tehama County.

After the sale of the goods by Blackman & Co., at San Francisco, to McDaniel, Blackman & Co. shipped the same to McDaniel, the vendee, at Trinity Center. The bills of lading were made out in the name of the vendee. The goods, in ordinary course of

transportation, arrived at the head of steamboat navigation, at Red Bluff, where they were placed in the hands of Pierce, Church & Co., warehousemen, who had orders from the vendee to forward them to him.   Defendants, Pierce, Church & Co., defended on the ground of right of property, in the vendee, McDaniel.   The Sheriff, Johns, justified under the attachment issued in *Fuller* v. *McDaniel.*   The other facts are stated in the opinion of the Court.

*W. S. Long,* for Appellants.

The right to stop goods *in transitu* ceases, whenever the goods come into the actual or constructive possession of the vendee. (1 Parsons on Cont. 484–490, and the notes referred to by the author; also, Parsons' Merc. Law, 60–64, and notes.)

The goods were delivered to the vendee as soon as they were put on shipboard at San Francisco, because the bills of lading were made out to him, and not to the vendors.   The transit stopped at Red Bluff, and the defendants, Pierce, Church & Co., as the agents of McDaniel, received them, and kept them, under instructions from McDaniel, until he would send for them.

*W. H. Rhodes,* for Respondent.

The right of stoppage *in transitu* continues in force until the goods sold arrive at the point of destination.   (*Markwald* v. *Creditors,* 7 Cal. 213 ; Abb. on Ship. 521, Ed. 1854.)

The right is not defeated by process of attachment, at suit of a creditor of vendee.   (Abb. on Ship. 520, Ed. 1854; Smith's Merc. L. 654 ; 15 B. Mon. 270.)

Possession taken by an agent of consignee, but before the goods reach the actual possession of the vendee, is not sufficient to terminate the *transitus* and destroy the right.   (*Markwald* v. *Creditors,* 7 Cal. 217.)

Even a resale by the first vendee, and payment to him, will not destroy the right. (Hill on Sales, 218, Sec. 102 ; *Craven* v. *Ryder,* 6 Taunt. 433.)

Absolute insolvency of vendee, not absolutely necessary to justify the exercise of the right.   (14 B. Mon. 324 ; 17 U. S. Dig. 512, Sec. 107.)

When the defense set up is the existence of a lien in behalf of warehousemen, the lien must be asserted at the time of the demand, or else it is waived. (Smith's Merc. L. 664, and Note; 6 Wend. 608; 20 Id. 267; 15 Id. 475; 2 Bing. 23.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought against Pierce, Church & Co., warehousemen at Red Bluff, and Johns, the Sheriff of Tehama County, to recover the value of a lot of goods sold by the plaintiffs, merchants in San Francisco, to one McDaniel, of Trinity Center, Trinity County; and which they claim by the right of stoppage *in transitu*, the purchaser having become insolvent after the sale of the goods. It appears that the goods were duly marked to McDaniel, care of Pierce, Church & Co., Red Bluff; that the plaintiffs shipped them on a steamer at San Francisco, and they duly arrived at Red Bluff, the point of transhipment from the river steamer to wagons, to be transported to their final destination; that Pierce, Church & Co. put them in their warehouse, advised McDaniel of their arrival, and he wrote them that he would send a team after them; that while they were thus in the warehouse at Red Bluff an attachment was levied upon them by the Sheriff, issued in an action brought by one Fuller against McDaniel; that after the purchase of the goods McDaniel became insolvent, and the price remained unpaid; that after the levy the plaintiffs, by their agent, gave notice to the warehousemen and the Sheriff that McDaniel had become insolvent; that the goods had been sold to him by them; that the price was unpaid, and that they claimed the right of stoppage *in transitu*, and demanded the goods of them, and they refused to deliver them.

The right of a vendor who has sold goods on credit, when the vendee is insolvent, to stop and take them into his possession, at any time before their arrival at the place of destination, and going into the actual or constructive possession of the purchaser, is well established. Depositing them at an intermediate point, with an agent of the purchaser, for the purpose of being forwarded, does not terminate the *transitus.* (*Markwald* v. *His Creditors*, 7 Cal.

213.) It is clear, therefore, that the mere fact that the goods had come into the possession of Pierce, Church & Co., to be forwarded to the purchaser, did not terminate the *transitus* or divest the plaintiffs of their right of stoppage *in transitu*.

This right of stoppage *in transitu* is paramount to any lien on the goods claimed by third persons against the purchaser. Thus it may be exercised to defeat an attachment or execution levied upon the goods by a creditor of the vendee; for the lien acquired by the levy operates only upon the interest of the debtor, but cannot defeat the paramount right of a stranger. (Hilliard on Sales, 217.) The Court found that the warehousemen stated to plaintiffs' agent, at the time of the demand, that they had no charges upon the goods. This was stated in reply to a question of the agent, who told them he was ready to pay their charges if any they had. By this, the warehousemen waived their lien for charges, if they had any. (*Everett* v. *Saltus*, 15 Wend. 474; *Everett* v. *Coffin*, 6 Id. 608; *Saltus* v. *Everett*, 20 Id. 268.)

The judgment is affirmed.