## W. J. JONES *v.* D. W. EARL.

STOPPAGE *in transitu.* — The vendor of goods upon credit may retake them, upon the discovery of the insolvency of the vendee, at any time before they have been delivered to the vendee, or before any third party has acquired *bona fide* rights in the goods.

LIABILITY OF CARRIER IN RESPECT TO STOPPAGE *in transitu.* — Upon demand by the vendor of goods upon credit, when the right of stoppage *in transitu* exists,

and while it continues, the carrier becomes liable for conversion if he declines to deliver the goods to the vendor, or delivers them to the vendee.

NOTICE TO CARRIER OF VENDOR'S INTENTION TO RETAKE THE GOODS.—An express demand for the goods is not required in order to charge the carrier. If he is clearly informed that it is the desire of the vendor to retake the goods, the notice is sufficient.

IDEM.—Notice to an agent of the carrier, who is in the possession of the goods in the regular course of his agency, is notice to the carrier.

IDEM.—A letter by the vendor, delivered to the agent of the carrier in possession of the goods, to the effect that the vendee had been attached, and that he desired to save the goods, giving a bill of particulars, and directing him to deliver the goods to no one but his agent, is a sufficient demand for the return of the goods to charge the carrier for a conversion

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The action was against a forwarder for the conversion of goods, and the defendant appealed.

The following is a copy of the letter which was written by the plaintiff to the defendant, and which is referred to in the opinion of the Court:

"SAN FRANCISCO, November 18th, 1867.
" *Messrs. D. W. Earl & Co.:*

"GENTS—On the eleventh instant we shipped to your care the following goods, viz:

        " Two barrels whisky.
        " Two casks ale.
        " Two casks porter.
        " Four baskets champagne.
        " Four cases Hostetter's bitters.
    " Marked: F. M. A.,
                " Virginia City.
                    " Care 'Earl,' Cisco.

"If the goods have not been forwarded yet from Cisco, please hold on to them till you hear from us again, as the party to whom they were consigned at Virginia has been attached, and we want to save the goods. If they have been forwarded from Cisco, please instruct your agent at Virginia

to deliver the goods to *no one* but our agent, *Mr. J. A. Byers*, who will be at Virginia on the lookout for the goods.

"Please write us immediately whether the goods have been sent; if not, Mr. Byers will call for them at Cisco.

"Very respectfully,

"BIGGS & JONES."

The remaining facts are sufficiently stated in the opinion of the Court.

*Coffroth & Spaulding*, for Appellant.

*M. A. Wheaton*, for Respondent.

By the Court, SANDERSON, J.:

Stoppage *in transitu* is a right which the vendor of goods upon credit has to recall them, or retake them, upon the discovery of the insolvency of the vendee, before the goods have come into his possession, or any third party has acquired *bona fide* rights in them. It continues so long as the carrier remains in the possession and control of the goods, or until there has been an actual or constructive delivery to the vendee, or some third person has acquired a *bona fide* right to them. Upon demand by the vendor, while the right of stoppage *in transitu* continues, the carrier will become liable for a conversion of the goods, if he decline to redeliver them to the vendor, or delivers them to the vendee. (*Markwald* v. *His Creditors*, 7 Cal. 213; *Blackman* v. *Pierce*, 23 Cal. 508; *O'Neil* v. *Garrett*, 6 Iowa, 480; *Reynolds* v. *Railroad*, 43 N. H. 580.) And a notice by the vendor, without an express demand to redeliver the goods, is sufficient to charge the carrier. If the carrier is clearly informed that it is the intention and desire of the vendor to exercise his right of stoppage *in transitu*, the notice is sufficient. (*Reynolds* v. *Railroad*, *supra; Litt* v. *Cowley*, 7 Taunton, 169; *Whitehead* v. *Anderson*, 9 M. & W. 518; *Bell* v. *Moss*, 5 Wharton, 189.)

And notice to the agent of the carrier, who in the regular course of his agency is in the actual custody of the goods at the time the notice is given, is notice to the carrier. (*Bierce* v. *Red Bluff Hotel Co.*, 31 Cal. 160.)

The case made by the record shows that the goods in question were consigned to the care of the defendant at Cisco, to be forwarded by him in the usual course of business to the vendee at Virginia City. That the defendant was engaged in the forwarding business at Sacramento, and had an agent at Cisco whose business it was to receive all goods shipped to the care of defendant, and deliver them to the order of the vendee upon payment of charges and commissions. That, while the goods were at Cisco and in the custody of the defendant's agent, who had full charge of the forwarding business at that place, a letter from the plaintiff, addressed to the defendant at Cisco, containing a bill of the goods, and informing the defendant that the vendee had been *attached*, and that he wanted to save the goods, and directing the defendant not to deliver the goods to any one except his (the plaintiff's) agent at Virginia, who would be looking out for them, was received by the defendant's agent at Cisco. That the defendant, by his agent, acknowledged the receipt of the letter, and stated that the goods were "in store and he would hold them subject to the order of Byers" (plaintiff's agent). That afterwards the vendee of the goods came to the agent of defendant and, tendering charges and commissions, demanded the goods, and that the demand was complied with. That the vendee was insolvent at the date of the notice to defendant's agent that the plaintiff desired to stop the goods in his hands.

In view of these facts, and the law as above declared, the defendant is clearly liable for a conversion of the goods.

Judgment and order affirmed.