## Barber *vs.* Harris.

A deed to a husband and wife and to six of their children, naming them, and to such other children of the marriage as might be subsequently born, creates a tenancy in common between the husband and wife and the children; the husband and wife being considered in law but as *one person*, take, while there are six children, *one-seventh* of the estate granted, and when two more children are born, take only *one-ninth* of the estate.

As between themselves, the husband and wife hold neither as joint tenants or as tenants in common—each is seized of the entirety *per tout et non per my*, and for that reason the husband alone cannot *alien* the estate; but having the absolute control of the estate *during his life*, he may convey or *mortgage* it during that period.

A *mortgagor*, in an action against him for the recovery of the premises, is *estopped* from denying that he had title at the time of the execution of the mortgage; nor is he permitted to set up title in a stranger.

This was an action of *ejectment*, tried at the Courtland circuit in June, 1833, before the Hon. Robert Monell, one of the circuit judges.

The plaintiff claimed to recover 100 acres of land, as a purchaser on the *foreclosure of a mortgage* of the premises executed by the defendant and his wife to the plaintiff and another person, on the 19th March, 1819. The plaintiff produced the mortgage; there was endorsed on it a certificate of acknowledgment, by an officer duly authorized to take acknowledgments, in which it was certified that the execution of the mortgage was acknowledged by the defendant and his wife. The defendant objected to the sufficiency of the certificate, which was overruled by the judge, but the point need not be

stated, as it was not passed upon by this court. The plaintiff proved a statutory foreclosure of the mortgage and a purchase of the premises by himself, and rested. The defendant, for the purpose of showing that the mortgage was *void* and *inoperative*, read in evidence a deed of the premises covered by the mortgage, bearing date 10th October, 1811, executed by Peter W. Yates to the defendant, Maria his wife, and their children, Peter, David Erasmus, Rachel, Maria, Edwin Augustus and Angelica; the *habendum clause* in which is as follows: "To have and to hold the 100 acres of land, with the appurtenances, to the said parties of the second part, in manner and form following, that is to say : to each and every of them for and during the natural lives of the said David Harris (*the defendant in this cause*) and Maria his wife, and the survivor of them ; and after their decease to their said children Peter, David, Erasmus, Rachel, Maria, Edwin Augustus and Angelica, and to their heirs and assigns forever, as tenants in common—and also such other children as shall hereafter be born of the said David Harris and Maria his wife, and their heirs and assigns forever, as co-tenants in common with the first named children." It was admitted that the defendant and his wife had at the time of the trial *eight* children. The defendant proved that in January, 1807, Peter W. Yates conveyed 40 acres, part of the premises in question, to a Mr. Staats, and that on the same day Staats executed a deed of the same 40 acres to the wife of his grantor—this evidence was received, though objected to by the plaintiff. The defendant, upon this evidence, wholly denied the plaintiff's right to recover ; but if he could sustain his action, insisted that he was entitled to recover only the life-estate of the defendant and his wife. The judge ruled that the plaintiff was entitled to recover *two-tenths of the premises in fee,* and so charged the jury, who found accordingly. The defendant having excepted to the decisions of the judge, now moved for a new trial. The parties entered into a stipulation, that if a new trial should be denied the verdict should be amended so as to conform to what should be adjudged to be the rights of the parties.

*J. A. Spencer,* for the defendant.

*B. Davis Noxon*, for the plaintiff.

ALBANY,
Oct. 1836.

Barber
v.
Harris.

*By the Court*, Nelson, Ch. J. The defendant having executed the mortgage, under which the plaintiff claimed to recover the possession of the premises, was estopped from denying that he had title to them, and from setting up title in third persons. The deeds, therefore, from Yates to Staats and from Staats to Mary Yates, should have been excluded. They were disregarded, however, by the judge, in the final disposition of the case.

Whether the mortgage, as executed, was void and inoperative or not, was a question that could properly arise, and of which the defendant might avail himself. If it was void, nothing passed under it to the plaintiff, who was bound to show an execution of the instrument that would bind the interest of the defendant in the premises, whatever it might be. The deed from Yates to the defendant and his wife and children, conveyed to them an estate which they held as tenants in common, the defendant and his wife together being the owners of one share, and that probably only for their lives. The husband and wife, in contemplation of law, are but one person, and they are therefore incapable of holding either as joint tenants or tenants in common. 2 *Black. Comm.* 182. 16 *Johns. R.* 115. 8 *Cowen*, 277. 2 *Black. R.* 1214. Each is seized of the entirety, *per tout et non per my*; being but one person, there can be no moiety or separate estate between them; and the husband, therefore, cannot forfeit or alien the estate, because the whole of it belongs to the wife as well as to him. *Cruise, tit.* 18, *Joint Tenancy, ch.* 1. § 35. 5 *T. R.* 654. 2 *Black. Comm.* 183. If a grant is made to husband and wife and a third person, the husband and wife have one moiety and the third person the other; so if the grant be to the husband and wife and two others, the husband and wife take one third only. *Litt.* § 291. 1 *Inst.* 853. 2 *Vern.* 120. We need not, however, pursue this inquiry, nor express any definitive opinion upon the true construction of the deed to the defendant, his wife and children, because, during the life of the husband, he undoubtedly has the abso-

lute control of the estate of the wife, and can convey or mortgage it for that period. By marriage he acquires, during coverture, the usufruct of all her real estate which she has in fee simple, fee tail or for life. If the wife survives, and is not precluded by her acknowledgment of the mortgage, she may then raise the question as to the nature and extent of the interest she took under this deed. The verdict and judgment in this case will not prejudice her rights. It is unnecessary, therefore, to express an opinion as to the sufficiency of the acknowledgment; though I do not intend, by thus waiving the question, to have it implied that I entertain any doubt upon it. Neither is it material whether the verdict find for the plaintiff an estate in fee or for life, as to his share in the premises, because the interests of the co-tenants, or heirs, they not being parties to the suit, will be unaffected by it.

It is perfectly plain from the terms of the deed, that the defendant and wife are tenants in common with their children, those born since its execution as well as those mentioned by name therein. The whole estate vested in the grantees living and named, but became divested as to the other shares afterwards arising or opened to let in the after-born children. *Fearne*, 313, *and cases there cited.* 4 *Johns. R.* 64. 12 *Wendell*, 83. 3 *T. R.* 484. 2 *Strange*, 1172. 1 *Ld. Raym.* 310. The consequence is, that the defendant and his wife having but one share, and there being eight children, only *one-ninth* of the premises are bound by the mortgage, and of course no more passed to the plaintiff under it. According to the stipulation, the verdict should be amended so as to find for the plaintiff one-ninth of the premises described in the declaration, and for that he is entitled to judgment.