### JACKSON, ex dem. HOPKINS vs. LEEK.

A person alleged to be the grantor in a deed of real estate, is a competent witness to prove the deed a forgery, in a question of title between third persons; although he is not competent to prove a want of consideration.

The registry of a subsequent deed gives no priority over a former deed not registered, when the grantee at the time of the execution of the second deed, had notice of the existence of the first deed.

It is not necessary that the wife should join with the husband in an action of ejectment, for the recovery of land conveyed to husband and wife.

THIS was an action of ejectment (commenced previous to the statute requiring ejectments to be brought in the name of *real* plaintiffs,) tried at the Wayne circuit in September, 1836, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The premises in question were a part of lot No. 86, Galen. The plaintiff produced the original letters patent to one Christian House, a deed from him to William Scudder and David Whitehead, and a deed from Whitehead to Scudder, conveying a *moiety* of the lot; the last deed bore date 24th July, 1794, and was *recorded* 19th June, 1819. From Scudder the plaintiff deduced a regular title down to Ralph Thurman, who, on the 25th June, 1818, conveyed the whole lot to the plaintiff and the wife of the plaintiff. The defendant on his part produced a deed from David Whitehead to John Van Riper, junior, conveying a moiety of lot No. 86, bearing date 11th July, 1818, and recorded 15th April, 1819; and secondly a deed of the same moiety from Van Riper to the defendant, bearing date 5th May, 1820. He also produced in evidence a *deposition*, taken under the statute to perpetuate testimony, made by David Whitehead in 1819, in which Whitehead stated that he never executed a deed to William Scudder, conveying lot No. 86, that he had never seen and did not know the subscribing witness to the deed, and that he had never received any consideration for such deed. On the part of the plaintiff it was proved that the deed from Whitehead to Van Riper was procured to be executed by an *agent* of the

NEW-YORK, grantee, and that such agent at the time of obtaining the
May, 1838. deed, had *notice of the existence of the deed* from White-
head to Scudder. The plaintiff and defendant were in
possession of distinct portions of the lot at the date of the deed
from Whitehead to Van Riper, and had been so for several
years previous to that time. The plaintiff insisted that the
defendant had *entered* under title derived from him, which
was denied on the part of the defendant; and in respect to
this question there was much conflicting testimony. When
the evidence was closed the plaintiff's counsel requested
the judge among other things to instruct the jury, 1. that if
the *agent* of Van Riper had *notice* of the existence of the
deed from Whitehead to Scudder at the time of the exe-
cution of the deed from Whitehead to Van Riper, the last
deed although first recorded was not entitled to priority;
and 2. that it was not competent to a *grantor* of real estate
to give evidence of the *want of consideration*, or of any oth-
er fact impeaching his own deed, as against a subsequent
bona fide purchaser. The judge in these two particulars
instructed the jury in conformity to such request, and the
jury found a verdict for the plaintiff. A motion was now
made on the part of the defendant for a new trial.

Jackson
v.
Leek.

*C. P. Kirkland*, for the defendant.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, NELSON, Ch. J. The principal ques-
tion involved in this case, and one probably which may
permanently affect the claims of the respective parties to
the lot, is this: whether it is competent for a grantor to
impeach the genuineness or validity of a deed purporting to
have been executed and delivered by him, so as to preju-
dice the rights of those claiming under it: in other words
to prove it forged. It is quite probable that the law, as laid
down at the trial, was not intended to be pushed to the ex-
tent of affirming the negative of the above proposition; but
after full consideration, I am unable to understand it satis-
factorily to myself in a more qualified sense. The position

was taken by and ruled in favor of the counsel for the plaintiff, and the only deed that had been at all impeached which he was concerned to uphold, was the one from *Whitehead to Scudder*, in respect to which *the grantor had sworn that he neither received any consideration for it, nor had he ever executed or delivered it.* Unless then we are to assume the proposition was put forth in the abstract, and without having any particular connection with the facts in the case, which I think we ought not to do under the circumstances, we are compelled to the conclusion that it was intended to be applied to the evidence given of the non-execution of this deed, and if unsound, that thereby injustice may have been done to the defendant. If it is thus to be understood and applied, it was properly conceded on the argument that the decision was erroneous. The rule, as contended for at the trial, *was once supposed to exist in this* state in cases of indictment for forgery, but it is now settled otherwise, 6 Cowen, 27, as it has been in England by act of parliament. 9 Geo. 4, c. 32, § 3. If the proposition is to be understood as applying only to the proof of *want of consideration* for the deed to Scudder, assuming it to be genuine, then the decision *was in effect right*; for admitting the fact to be so, the consideration expressed on the face of it was enough to pass the title ; and even if none were actually paid, or agreed to be paid, the deed would still be valid as between the parties and those claiming under them.

If this deed were considered genuine, there was sufficient evidence of notice of its existence to the *agent* who procured the second one to be executed, to warrant the jury in finding the fact; and then, though first recorded, it would not prevail over the elder deed. 17 Wendell, 25, and cases there cited.

Assuming the first deed of Whitehead to be a forgery, so as to allow operation and effect to the second made to Van Riper, there was no such adverse holding on the part of Hopkins as would necessarily avoid it ; nor such conclusive evidence that the defendant entered under a title derived from Hopkins as would necessarily preclude him from subsequently acquiring title from a third person. These were

questions arising upon the facts fairly open for the considera-
tion of the jury under the charge of the court.

There is nothing in the position, urged on the argument,
that the wife of the plaintiff should have been made a lessor
of the plaintiff, on the ground of being a joint grantee. The
husband is tenant for life *jure uxoris* in her interest. 16
Johns. R. 116. 15 Wendell, 615. 2 Black. Com. 433. Co.
Litt. 351, *a*. In this case, if he should convey the estate, it
would survive to the wife in case she outlived him. Id. 5
T. R. 652. 8 Cowen, 277.

New trial granted, costs to abide event.