By the Court, Bronson, J.
It is difficult to see how the recovery by Rice in the ejectment suit which he brought against Snyder, the husband, can in any way affect the plaintiff’s title. The recovery might have been had upon grounds wholly independent of the formal legal title. But *569 it may be inferred from the defendant’s offer that Cochran’s deed and mortgage were both in evidence, and that Rice recovered on the ground that Snyder had notice of the unregistered mortgage. Still, as the suit was prior to 1830, the judgment determined nothing beyond the present right of possession. It would not conclude Snyder himself from trying the same matter over again; much less can it conclude the plaintiff, who was neither a party to the suit, nor had she then any right to the possession. Until the question of survivorship between the husband and wife was settled, the right of possession was in the former. (Barber v. Harris, 15 Wendell, 615. Jackson v. McConnell, 19 id. 175.) It is said that the judgment should have been admitted for the purpose of showing that Rice did not get the possession wrongfully. But the judgment, in connection with other evidence, was apparently offered for the purpose of making out an estoppel; and the defendant ought not now to complain that it was not admitted for a purpose which was not suggested on the trial. And besides, it was wholly unimportant how Rice got the possession, as the plaintiff was seeking to recover on the strength of her legal title. There was no complaint of a tortious entry.
I do not see how the plaintiff can be affected by the notice which her husband had of the unregistered mortgage. She does not claim by, through or under him, but in her own right. There is no privity between them. When an estate in fee is conveyed to husband and wife, they are not properly joint tenants, nor tenants in common; they d6 not take by moieties, but each is seized of the entirety, with a right of survivorship, and neither can alien without the other. Though, as the husband is entitled to the possession so long as he lives, he may convey that interest by way of mortgage. (Barber v. Harris, 15 Wendell, 615. And see Jackson v. McConnell, 19 id. 175.) Now, as the wife was seized of the entirety by virtue of the original conveyance from Cochran, she acquired no portion of the estate from her husband, His death only determined the *570 survivorship, and rendered that certain which was before contingent, that she would hold the estate forever. I repeat, therefore, that she does not claim by, through or under the husband; and if - she can be affected by the notice which he had, it must stand on some other principle than that- of privity between the husband and wife. It was held in the time of Edward 3d, on a conveyance like this, that the husband’s attainder for treason did not work a forfeiture of the wife’s estate. - (Co. Litt. 187,(a. b.))
On a conveyance to two or more persons, whatever may be the nature of their estate, I am not; prepared to admit that notice to one would be sufficient to overcome the registry laws as to all of the purchasers. We have not béen referred to any authority in support of such a position, nor has any fallen under my observation. It is easy to see why the estate -of the fraudulent vendee should fail; but it is difficult to understand upon what principle the other and innocent vendee ' can also" be punished for his transgression. This is not a question concerning the validity of the deed as' between the immediate parties to it. The conveyance - was undoubtedly operative ás between Cochran and the grantees. But a third person comes in and says, the deed ought not to operate against me, because you had notice of my mortgage. The reason upon which the objection rests goes only to the party who had the notice; and such estate as he would otherwise have taken under the conveyance may well fail, without involving the other and innocent vendee in the same consequence. This would, I think, be so on a conveyance to several persons either as joint tenants—except in the case of a trust estate—or as tenants in common: and I see no reason why- the same rale should not apply on a conveyance to husband and wife— especially where, as in this instance, the whole consideration for the estate was paid by the wife. It is true, that hnsband and wife are, for many purposes, regarded as one person; but they are not so for the purpose of visiting the wife with the direct consequences of the husband’s fraud. In the case already referred to, (Co. Lit. 187, (a)) it was *571 held, that the wife did not lose her estate by the attainder of the husband for high treason, and her heir recovered the land from the patentee of the king.
I do not deny that one of several joint purchasers may act as agent for the others, and then, as in other cases, notice to the agent will be notice to the principal. But in this case there was no conventional relation of principal and agent between the vendees. Both, as appears from the evidence, were present and acting when the purchase was made, and the wife joined, as she necessarily must have done, in the conveyance of the lands which were given in exchange for the farm in question. And besides, married women, infants, lunatics, and other persons not sui juris, are not, in general, capable of appointing an agent or attorney. (Story on Agency, 6, 7, 8, and cases cited. See also, Bac. Ab. Attorney, (B.) 7th Lond. ed. Oulds v. Sansom, 3 Taunt. 261.) , Where both are parties to a suit, the husband appoints an attorney ‘for the wife. But in Dyer, 271, (6) pi. 27, margin, the husband refused to suffer the wife to appear on proceedings against them continued to the exigent, and it was ruled by the court that in this case she might make an attorney to prevent being waived.
If the husband had purchased and paid for the land, it would have presented a different questioh. In that case, if he had taken the deed to both, or to the wife alone, either as an advancement to her, or for the purpose of defrauding creditors, (Guthrie v. Gardner, 19 Wend. 414,) I should have been prepared to admit that the deed could not prevail over the mortgage. (Sugden on Vend. 639, 5th Lond, ed.) The husband, being himself the purchaser, could not get ri.d of the effect of having notice of the mortgage, by taking a conveyance' in the name of the wife, or any other third person. But here the wife was the purchaser. She paid the purchase money; or what is the same thing, gave her own lands in exchange for the property in question. ■
New trial denied. -