Carpenter, J.
I do not preeeive any great doubt or difficulty in this case. There is but one question in the cause. It is whether Charles Gardner, the defendant, to whom jointly with his wife during coverture a conveyance had been made of the premises in controversy, his wife still living had such an interest in these premises, as that heeould not alien or mortgage without her concurrence. The husband and wife, it is true, have -what is called a peculiar estate; peculiar, — for although conveyed to them jointly, they are not properly joiut tenants, neither are they tenants in common; it is a species of tenancy which arises from the legal notion of the unity of their persons. The husband and wife, being considered one person in law, cannot take the estate by moieties, but both are seized of the entirety, to use the technical expression, per tout, et non per my. The same words of conveyance which make two other persons joint-tenants, will make husband and wife tenants of the entirety. The consequence of this peculiar estate is, that neither the husband nor wife can dispose of any part without the assent of the other, but the whole must remain to the survivor. There must be a survivor-ship, because the interest cannot be severed. It is an estate which still may exist, and be created in this state, notwithstanding the “act respecting joint-tenants and tenants in common.” Rev. L. 550. Elm. Dig. 86. Den v. Hardenburgh, 5 Halst. 42.
It is said, in the cases cited, and in the usual authorities which treat of this peculiar estate, that neither husband nor wife, separately and without the assent of the other, can dispose of or convey away any part. That the husband cannot alien, and much less devise that estate, the whole of which belongs to his wife *560 as well as to himself. The conveyance of the husband is doubtless void as against the wife, she surviving her husband, and as against those claiming under her ; but can it be said to be void as against the husband himself? Has the husband no power at all over the land during coverture, not even to make a lease ? If it be so, notwithstanding marital rights, the wife would seem to have an absolute veto, and her consent would be necessary, not only to convey the estate, but even to dispose of the possession, during the husband’s life and during coverture. As urged in the argument, in such case, the wife would have a more controlling influence over an estate like this, than when the fee is in herself, which cannot be. The general language of the authorities is to be restrained to the case itself under consideration, and the obvious meaning of the passages relied on, is more guardedly expressed by SirWilliam Grant, in a case recited. “ The husband, as against her, cannot pass any right, title or interest; but if she survive, the whole must accrue to her.” Glaister v. Hewer, 8 Ves. Jr. 199. “ The husband alone,” says Chancellor Kent, “ may grant or charge the wife’s land, during their joint lives, and if he be tenant by the curtesy during his own life; but he cannot alien or incumber it, if it be a freehold estate, so as to prevent the wife, or her heirs, after his death,‘from enjoying it discharged from his debts or engagements.” 2 Kent’s Com. 133, 5th Ed. This doctrine is as equally applicable to the estate now under consideration, as to the case when the fee is in herself. The husband has the right of possession and control during coverture. Though he cannot convey the estate at all events, cannot convey so as to prejudice her rights in case she survive; yet he may demise, alien, or mortgage his interest during his own life. Barber v. Harris, 15 Wend. 615; Jackson v. McConnell, 19, Wend. 175.
But does it lie in the mouth of the defendant in possession of the premises, in an action of ejectment brought against him upon his own mortgage deed, to deny his right to mortgage ? Whatever may be the effect of ordinary deeds of conveyance without warranty in concluding a grantor, who has released or conveyed without interest, yet in relation to mortgages the question is well settled. By an equitable estoppel, based upon the legal frau,d which wouid be- otherwise permitted, one who mortgages land *561 as his own, upon suit thereupon brought against him, shall not be permitted to derogate from his own mortgage, by denying his title, or by setting up title in any third person. In Doe v. Pegge, 1 T. R. 658, 4 Doug. 309, S. C., Lord Mansfield laid down this rule in pointed terms, and the rule, so far as I am aware, has never been questioned. “ I found,” said he, “ this point settled before I came into this court, that the court never suffers a mortgagor to set up the title of a third person against his mortgage; for he made the mortgage and it does not lay in his mouth to say so, though such person might have a right to recover possession.” Such estoppel between mortgagor and mortgagee, is admitted and recognized both in England and in this country. Coote on Mortgages, 348, 18 Law Lib.; Doe v. Vickers, 4 A. & Ellis, 782; Doe v. Clifton, 4 Ld. 809, 31 E. C. L. Rep.; Barber v. Harris, 15 Wend. 615; Den v. Vanness, 5 Halst. 102.
As to the offer made in relation to the payment of the consideration money, how and by whom paid, it was properly overruled by the Judge, as immaterial. Whatever equity might arise to the wife out of the fact that the premises had been purchased with her money, it could not affect the legal title and could have no influence on this cause. I am of opinion that the plaintiff is entitled to recover, and that the Circuit Court of the county of Hudson be so advised.
Nevius, J.
This was an ejectment, brought in the Hudson Circuit, and tried in June 1843. Upon the trial, the lessors of the plaintiff claimed title to the premises by virtue of a bond and mortgage, executed by the defendant to them for $800, dated the 10th day of March, 1840, and payable at a day then past. The indenture of mortgage, duly acknowledged and registered, was offered in evidence and read, whereupon the plaintiff rested his cause.
The defendant then gave in evidence a deed of conveyance, for the same premises, from the executors of Charles Chebsey, deceased, to himself and wife, their heirs and assigns, dated the 4th day of April, 1835. It was admitted that the wife of the defendant was living, and that he had no other title to the premises than the last mentioned deed, at the time the said mortgage was executed, nor had he acquired any other title since. The jury *562 were thereupon directed to render a verdict for the plaintiff, with leave to the defendant to move to set it aside, or have the case certified to the Supreme Court for its opinion at bar, whether upon the matters stated, the plaintiff was entitled to recover.
The defendant has seen proper to adopt the latter course, and has presented and argued the ease before us. The position assumed by the defendant’s counsel is, that the defendant had no such estate in the premises, as he could convey by separate deed or mortgage. Since the decision of this court in Den v. Hardenbergh, 5 Halst. 42, I apprehend no doubt can exist, as to the true character of an estate conveyed to husband and wife, during coverture. They take neither as joint tenants nor tenants in common, but become seized of a “ peculiar estate, resulting from that intimate union, whereby the legal existence of the wife is suspended during the marriage, or at least incorporated with that of the husband.” Each becomes seized of an entirety in the lands so conveyed, and neither can convey or dispose of the same without the assent of the other. It is an estate of which partition cannot be made, and which cannot be severed; and upen the death of either, the survivor will become seized of the whole. But it will not follow from any of these principles, that the husband cannot charge or encumber such an estate by mortgage during the coverture. In virtue of the marriage, he becomes entitled to the possession. The possession is in him solely, and he takes the rents and profits, and may lease the same, in like manner as if the lands were an inheritance in the wife before marriage. In Barber v. Harris, 15 Wend. 615, the court say, that “ during the life of the husband, he undoubtedly has the absolute control of the estate of the wife, and may convey or mortgage it for that period. By the marriage he acquires, during coverture, the usufruct of all her real estate, which she has in fee simple, fee tail or for life. If the wife survive, she may then raise the question as to the nature and extent of her interest in the land, if she is not precluded by her own act or deed.” In this case the deed had been made to husband and wife and their six children, to have and to hold to each of them during the natural lives of husband and wife and the survivor of them. The husband having executed a mortgage on the lands *563 so conveyed, it was adjudged, that the mortgage was valid during the joint lives of himself and wife, and to the extent of their share in the lands. The counsel for the defendant seemed to think, from the general expression found in the hooks, “ that where an estate is conveyed to husband and wife, neither can convey or dispose of the same or any part of it without the concurrence of the other,” and that the husband is precluded from leasing the land or charging it by mortgage. The true meaning of such expression is, that neither can make such a disposition of the estate, without the concurrence of the other, as will affect the right and interest of the other. The mortgage by the husband does not affect the wife’s right or interest in the lands ; if she survive, the whole title and estate will vest in her freed from the mortgage. I am of opinion that judgment should be entered for the plaintiff.
But I apprehend there is another reason why the plaintiff is entitled to judgment. The defendant, having executed and delivered the mortgage, is estopped by his own deed from denying his title to the premises, or from setting up a title in another. 15 Wend. 617.
Judgment for the plaintiff.
Hornb lower C. J. concurred.
Cited in Demarest v. Hopper, 2 Zab. 621, Washburn & Campbell v. Burns & McCabe, 5 Vr. 20.