## JONES vs. PATTERSON.

A husband, after the death of his wife, may maintain an action to recover for use and occupation of the wife's real estate, by the permission of the plaintiff and his wife, during coverture.

DEMURRER to complaint. The complaint alledged that in June, 1845, the plaintiff intermarried with Mary Ann Patterson, who was seised in fee of certain lands described in the complaint, situate in Erie county. The defendant used and occupied the land, with the permission of the plaintiff and his wife, during the coverture. The wife died in May, 1847. The defendant, in consideration of such use and occupation, undertook and promised to pay the plaintiff and his wife such sum as the use and occupation of the premises were reasonably worth, &c. Averment as to the value of the use of the premises. The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action; that it did not show any right in the plaintiff to bring the action; and that the administrator or other representative of the wife should have brought the action.

*Geo. W. Houghton*, for the defendant.

*A. Sawin*, for the plaintiff.

*By the Court*, MARVIN, J. The effect of marriage, at common law, to merge the separate existence of the wife, during coverture, and to vest in her husband, during such period, a right to the rents and profits of her real estate. (*Broom on Parties*, § 94.) If the wife is seised of an estate of inheritance in land, her husband upon marriage becomes seised of the free hold *jure uxoris*, and he takes the rents and profits during their joint lives. (2 *Kent's Com.* 130.) The husband may use and occupy the lands of his wife, or he may demise them. The lease will bind him and his wife during the coverture. (7 *John.* 81. *Bac. Ab. Lease, C.*) He may grant and convey the land, and that will pass all his interest. (20 *John.* 301.) He may mortgage the

Jones *v.* Patterson.

land, and it will bind all his interest. (15 *Wend.* 615.) He gains a title to the rents and profits during coverture. (2 *Black. Com.* 434.) And if the wife dies, he shall have the arrearages, (*Co. Litt.* 351, *a.* *Reeve's Dom. Rel.* 30, 31, 32. *Bell on Prop. relative to H. & W.* 53, 175. 1 *Chit. Plead.* 22.)

I am not aware that it has ever been doubted that the husband could recover, after the death of his wife, the arrears of rent which had accrued during the coverture. He could not at common law, after the death of the wife, recover rent in arrear upon the demise of the wife while sole, which had accrued before marriage, but by the statute, 32 H. 8, ch. 35, he was entitled to recover such rent. (*Co. Litt.* 351 *b.* *Bell on Prop. Rel. to H. & W.* 53.) In *Hill* v. *Saunders*, (4 *Barn. & Cress.* 529,) the husband attempted to recover rent which had accrued after the death of his wife, upon a lease of her lands made by himself and wife, reserving rent to them and *her heirs* and assigns. It was held that he could not recover; that his interest determined at her death. But it was nowhere intimated that he could not have recovered any rent in arrear at the time of the death of his wife. (*See also Broom on Parties*, 98.)

The law vested the husband with the freehold, and he was entitled to the rents in arrear at her death. It is not like chattels real or choses in action not reduced to possession. The premises, during the coverture, belonged to the plaintiff, who consented to their occupation by the defendant, and he has a right now to maintain an action to recover for use and occupation.

Demurrer overruled.

[ORLEANS GENERAL TERM, February 9, 1852. *Taggart, Marvin* and *Hoyt*, Justices.]