Murray, J.
This case was submitted to me at special term, upon the pleadings. In the complaint it is alleged that Ann E. Miller is the wife of the plaintiff; that they were seized in fee as tenants in common of the premises described therein. That each is the owner of one undivided half thereof. That they obtained title by deed from one Daniel Lewis, dated September 1, 1867. That this was the only real estate within the State, owned in common by them. That the purchase price of said land was four hundred dollars. That the said Daniel Lewis gave the said Ann E. Miller one half thereof. That the other half was included in a real es *445 tate mortgage given by them both, on said premises, to secure the sum of five hundred dollars. In the complaint the plaintiff prays a partition or sale of the said premises.
The said Ann E. Miller, for answer to the complaint, denies each allegation therein contained, except as in the answer expressly admitted. In the answer she admits that she is, and was in 1867, the wife of the plaintiff. That they are owners and seized in fee of the premises in question, of the tenure, effect, relation and interest as created in and by the deed thereof executed and delivered to them by the said Daniel Lewis, dated September 1,1867. An exact copy of the deed, which is a conveyance in consideration of four hundred dollars, by them paid, to them and their heirs and assigns, with a covenant of warranty to them and to their heirs and assigns, is then set out in the answer. There is nothing therein stating that they should hold as joint tenants or tenants in common, or stating in any way in what capacity they should hold, or stating that there was any separate interest or holding by or between them. It is also admitted that they own no other real estate in .the State, and alleged that the said premises cannot be partitioned or sold according to law. There is no admission that the said parties hold as joint tenants or as tenants in common, or have any severable interest.
There being no proof given before me, I can only .consider the facts admitted by the complaint and answer. The fact that the parties hold as joint tenants or tenants in common, is not admitted. The deed referred to in the complaint is admitted, and set out in the answer. The character of their estate and holding under said deed, must, therefore, be determined from the language of the deed itself. The action for partition cannot be sustained unless they hold as tenants in common or as joint tenants.
By section 6 of chapter 12 of the Revised Laws of *446 1813 (1 R. L., 54-56), it is provided that no estate in joint tenancy, in lands, tenements, or hereditaments, shall be held or claimed by or under any grant, devise, or conveyance whatsoever hereafter to be made, other than to executors or trustees, unless the premises therein mentioned shall be thereby expressly declared to pass, not in tenancy in common, but in joint tenancy, and every such estate, other than to executors or trustees, unless otherwise expressly declared as aforesaid, shall be deemed to be a tenancy in common, any law, custom, or usage to the contrary notwithstanding.
Under this section of the statute, were the parties not husband and wife, according to the terms of their deed, they would hold these lands as tenants in common. In the case of Jackson v. Stevens (16 Johns., 109, 116), and in the case of Sutliff v. Forgey (1 Cow., 81-95), also in the case of Doe v. Howland (8 Cow., 277-283), also in the case of Rogers v. Benson (5 Johns. Ch., 431), it was held, when this section of the statute was in full force, that it was well settled that if any estate be given to a man and his wife, they take neither as joint tenants nor as tenants in common, for being considered one person inlaw they cannot take by moieties, but both are seized of the entirety. This may seem to be inconsistent with the above section of the statute, and also with sections 43 and 44 of article 2, title 2, chapter 1, part 2 of the Revised Statutes, which are substantially a re-enactment of the above section of the Revised Laws ; but it is not. It is based upon the principle that husband and wife were then only one person in law, and had no separate existence, and no separate title to lands; ■that their rights and interests were identical; that a conveyance to both of them was a conveyance to one person. They held such title as one person, not as separate individuals having individual rights. For this reason the statute did not apply to them and make them tenants in common, as it would have done other *447 grantees in a deed of conveyance. The above cited section 43 of the Revised Statutes provides that estates, in respect to the number and connection of their owners, are divided into estates of severalty, in joint tenancy, and in common, the nature and properties of which respectively shall continue to be such as are now established by law, except so far as the same may be modified by this chapter.
The inquiry may properly be made, under which of these divisions of estates do a husband and wife hold, under a deed to them jointly. If such deed was given to other persons, under that and the following section, they would hold as tenants in common. But under the law of unity of person of husband and wife, under such deed each has an estate in severalty, in the whole and not in a part; each holds the lands in fee, not in moieties, but as to the whole, with the right of survivorship (Jackson v. McConnell, 19 Wend., 175, 177). They therefore hold under that class of estates.
The same principle has been held since the adoption of the above cited sections of the Revised Statutes, in the case of Barber v. Harris, 15 Wend., 615; Jackson v. McConnell, supra; Torrey v. Torrey, 14 N. Y. [4 Kern.], 430; Wright v. Saddler, 20 N. Y., 320). The principle must therefore be regarded as settled under the statutes.
These parties, therefore, were not tenants in common, or joint tenants of the lands in question, unless this principle of the common law has in that respect been modified by the recent enactments for the more effectual protection of the rights of married women.
By chapter 200 of the Latos of 1848, and chapter 375 of the Laws of 1849, and chapter 90 of the Laws of 1860, and chapter 172 of the Laws of 1862, it is provided that a married woman may take by inheritance, or by gift, grant, devise, or bequest, from any person other than her husband, and hold to her sole and separate use, and *448 convey and devise real and personal property, or any interest or estate therein, in the same manner and with like effect as if she were unmarried; and enter into any covenants or contracts in reference thereto, and the same shall be binding upon her separate property; and carry on a separate business, and have and own her own earnings, and sue and be sued as to her separate property, the same as if she were unmarried, and judgments be enforced against her separate property.
I was inclined to the opinion, that, by these acts, a married woman was enabled to take and hold real property, or any interest or estate therein, the same as if unmarried, which would include the right to take and hold under a deed to her and another person, and that other person might be her husband, and that she was by them released from all the common law rules in regard thereto ; and that under a deed to husband and wife, by virtue of the statute, they would become tenants in common, the same as other persons. But in the case of Goelet v. Gori (31 Barb., 314), at a special term, and in the case of Farmers & Mechanics’ Bank of Rochester v. Gregory (49 Barb., 155), at general term, all the judges concurring, it was held otherwise. They hold that those acts have no relation to, or effect upon, real estate conveyed to husband and wife jointly ; that they still, under a joint deed, notwithstanding those acts, hold according to the aforesaid common law rules. I cannot do otherwise than follow those decisions. In accordance therewith, I therefore hold that these parties are not tenants in common, or joint tenants, but tenants in entireties; that neither can sell without the other, and the survivor takes the whole ; but during the life of both, the husband is entitled to the possession of the entire estate, and to the rents and profits. The husband may mortgage or lease the same, subject to the right of survivorship (Barber v. Harris, supra). By section 1, title 3, chapter 5, part 3 of the Revised Stat *449 utes, it is provided, that when several persons shall hold and be in the possession of any lands, tenements, or hereditaments, as joint tenants or as tenants in common, in which one or more of them shall have estates of inheritance, or for life or lives, or for years, any one or more of such persons, being of full age, may apply for a division or partition of such premises, according to the respective rights of the parties interested therein, and for a sale of such premises, if it shall appear that a partition thereof cannot be made without great prejudice to the owners. By this section it is only in cases where the parties hold as joint tenants or tenants in common, that partition is authorized (see, as an authority under a former similar act, Jackson v. Myers, 14 Johns., 354). These parties do not come within its provisions. They do not hold under that class of estates. Therefore, a partition in this case is not authorized by statute—neither is it authorized by the common law.
The complaint should, therefore, be dismissed, with costs.