### BEACH V. HOLLISTER.

*Title — lands conveyed to husband and wife — Tenancy by the entirety — interest of husband and of wife — husband's interest may be sold on execution — Statutory construction.*

Where lands are conveyed to husband and wife jointly (1) they take as tenants by the entirety ; (2) the husband has the right of possession during their joint lives, and (3) the entire estate vests in the survivor. (4) The husband's interest may be sold on execution against him, and the purchaser acquires an estate for the life of the husband, and in case he survives his wife, the entire estate. (5) This estate is not defeated by a subsequent divorce for adultery of the husband, (6) but in case the wife survives she takes the lands discharged of his debts.

The statutes relating to the separate estate of married women have not changed the nature of the estate created by a conveyance of lands to a husband and wife jointly.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Daniel B. Beach against Clarinda Hollister to recover the possession of certain real estate situated in the city of Rochester. The premises in question were a part of lots 91 and 92 of the "Caledonia plat," on Glasgow street in said city, which were in 1849 conveyed by the owner, at that time, of the title thereof to Orange Owen and Julia Ann Owen, his wife, and their heirs, at which time the said grantees entered into possession. In 1852 Clark Tillingast recovered a judgment against said Orange Owen and another, which was docketed in Monroe county. In 1857 execution was issued on the judgment and the said lots 91 and 92 were sold thereunder to plaintiff, who, in 1858, received a deed from the sheriff who made the sale. In 1860 said Orange Owen and wife (the said lots 91 and 92 having been divided into three lots) by deed conveyed two of the subdivided lots to Calvin W. Owen, who, in 1868, then being in possession, conveyed the east one of them, the premises in question, to William Cox, and said Cox, in 1871, conveyed to defendant, who was in possession when the action was brought.

In 1854 said Julia A. Owen obtained, in the Supreme Court, a divorce a *mensa et thoro* from her husband. The decree provided that the wife should have the rents of the westernmost

house and lot on Glasgow street. In the year 1860, after the conveyance by Orange and Julia Owen to Calvin E. Owen, said Julia Owen obtained, in the Supreme Court, against said Orange Owen a divorce *a vinculo* for adultery. In the decree it was ordered "that she may have and hold to her own separate use all and singular the property and effects whatsoever now in her possession, which may at any time heretofore have belonged to the defendant." At that time she was in possession of the middle one of the three lots formed by the subdivision of lots 91 and 92.

Enough other facts appear in the opinion.

*Wheeler & Bates* and *J. C. Cochrane,* for appellant, as to the nature of the estate cited *Torrey* v. *Torrey,* 14 N. Y. 430 ; *Jackson* v. *McConnel,* 19 Wend. 175 ; *Barber* v. *Harris,* 15 id. 615.

*Daniel B. Beach,* respondent in person.

GILBERT, J. We see no reason to doubt the correctness of the judgment appealed from. The effect of the conveyance by Charles L. Pardee and wife, to Orange Owen, and Julia Ann, his wife, and their heirs, is correctly stated by the appellant's counsel. The statute making an estate granted to two or more persons a tenancy in common, unless declared to be a joint tenancy (1 R. S. 727, § 44), does not apply to the conveyance of an estate to husband and wife.

If an estate in land be given to a husband and wife, they are not properly joint tenants, or tenants in common, for they are but one person in law, and cannot take by moieties, but are both seized of the entirety. This species of tenancy arises from the unity of husband and wife. 2 Kent's Com. 132. Under such a conveyance the husband has a right of possession of the property during the joint lives of himself and wife, and in case of his surviving his wife, he becomes entitled to the fee.

We are of opinion that the interest of the husband in this case was subject to sale on execution. Code, §§ 282, 462. What a man can sell himself, can on execution be legally sold for his debts, and it has been repeatedly held in this State that a husband in a case like this has the absolute control of the estate of his wife during his life, and may mortgage, lease and convey his interest. *Barber* v. *Harris,* 15 Wend. 615; *Jackson* v. *McConnel,* 19 id. 175; *Torrey* v. *Torrey,* 14 N. Y. 430; *Snyder* v. *Sponable,* 1 Hill, 567. It would appear also, that his contingent interest dependent upon his surviving his wife may be sold. *Sheridan* v. *House,* 4 Keyes, 589.

But if it should be held that the possibility of survivorship of the husband did not pass to the plaintiff, by virtue of his purchase at the execution sale, it would not affect the validity of the sheriff's conveyance, for that conveyance would still be operative to pass whatever interest the judgment debtor had. 1 R. S. 739, § 143. The sheriff's deed, in contemplation of law, is that of the judgment debtor. 2 R. S. 373, § 62; *Cooper's Lessee* v. *Galbraith,* 3 Wash. C. C. 550; *Massey* v. *Thompson,* 2 A. & McCord, 105; *McKnight* v. *Gordon,* 13 Rich. Eq. 222, 239. In the present case, that interest was at least the possession and usufruct of the property during the life of the husband. The husband being still alive, the plaintiff is entitled to recover the possession of the property. If the wife survives the husband, she will take the estate discharged of his debts, and of any right acquired by the plaintiff as purchaser at the execution sale, for the reason that she takes it by virtue of the grant in the original conveyance, and not under or through her husband. But the husband's interest may be sold under execution during coverture.

It appears that after the purchase by the plaintiff, the wife of the judgment debtor obtained a decree for an absolute divorce against him on the ground of adultery. Upon this it is contended by the appellant's counsel, that such divorce terminated the right of the husband; that so far as the property in question is concerned, it is the same as if he were dead, and that the rights of the plaintiff, as purchaser at the execution sale, cannot survive the rights of the judgment debtor himself. No authority for this proposition has been cited. We think that, inasmuch as an estate, during the life of the husband, was lawfully sold and conveyed to the plaintiff, such estate must continue until it has been terminated by the death of the husband, unless the statute regulating divorces operates to destroy it.

The provision of the statute is as follows : " If the wife be the complainant, and a decree dissolving the marriage be pronounced, and she shall at the time of pronouncing such decree be the owner of any real estate, or have in her possession any goods," and " all such real estate, etc., shall be her sole and absolute property." It may be added, that the decree of divorce provides that the wife "may have and hold to her own separate use all and singular the property and effects whatsoever now in her possession, which may at any time heretofore have belonged to the husband." The property in controversy is not embraced in the statute, or in the decree,

because, as already shown, the wife is not entitled to possession until after the death of the husband. Until that event has happened, the plaintiff is entitled to hold and enjoy the estate, and to take the whole estate in case the husband survives his former wife. In the case of *Ames* v. *Norman*, 4 Sneed, 683, the precise point under consideration was very ably discussed and decided. It was there held "that the purchaser at the execution sale acquires the interest that was vested in the husband. If the husband survives the wife, the purchaser at the execution sale becomes the owner in fee of the entire estate, and a purchaser at an execution sale not made with reference to the contingency of a divorce, is not affected by a subsequent divorce *a vinculo*, but becomes invested with the right to occupy, and enjoy the profits of the land as owner during the joint lives of the husband and wife, subject to the contingency, that if the wife, so divorced, survives her former husband, the purchaser's estate will then terminate ; but that if the husband survives, said purchaser will become the absolute owner of the whole estate." This is in accordance with the decisions of our courts before cited, and in our opinion the rule of law upon this subject is there correctly stated.

With respect to the point that the plaintiff's title to the property has been waived, it is sufficient to say that no such defense is pleaded, and that the conveyance to the plaintiff was on record when the defendant purchased, and thus any equitable claim founded on lack of notice was destroyed.

It has been suggested on the part of the respondent, that the acts for the more effectual protection of the property of married women have changed the nature of the estate created by a conveyance like the one in question, and that by the operation thereof, Owen and his wife took each an equal undivided one-half in fee, as tenants in common. To this we cannot assent. Those statutes operate only upon property which is exclusively the wife's, and were not intended to destroy the legal unity of husband and wife, or to change the rule of the common law governing the effect of conveyances to them jointly. *Goelet* v. *Gori*, 31 Barb. 314 ; *Farmers' Bank* v. *Gregory*, 49 Barb. 155 ; *Freeman* v. *Barber*, 3 N. Y. Sup. 575 ; *Fisher* v. *Provin*, 25 Mich. 350 ; *Diver* v. *Diver*, 56 Penn. St. 106.

For these reasons, we think the judgment appealed from should be affirmed.

*Judgment affirmed.*