[Civ. No. 9853. Second Appellate District, Division Two.—May 24, 1935.]

MILDRED STANFORD VERNON, Appellant, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation), Respondent.

Thos. B. Reed for Appellant.

Keogh, Cate & Colver, and Alfred E. Cate for Respondent.

FRICKE, J., *pro tem.*—Action on a policy of title insurance. It appears that in 1928 Otho S. Vernon, as attorney for one Mabel C. Noyes, brought an action for money against James Hamilton and secured a judgment by default upon which an execution was issued and the property of Hamilton, the realty involved in the present action—stipulated to be worth $6,000—was sold pursuant to the execution to appellant herein on March 6, 1929, for $440, and a year later she received a deed to the property. Thereafter Vernon, as agent for appellant, who had become his wife in August, 1929, applied for, and on March 20, 1930, secured, a policy of title insurance on the real property, naming appellant as the insured under the name of ''Mildred Stanford''. It appears further that James Hamilton was during all of the time mentioned physically and mentally incompetent, and was so formally declared and a guardian for him appointed by the superior court on January 10, 1929.

On April 10, 1930, an action, referred to in this opinion as the Dunning case, was commenced by said guardian against Mabel C. Noyes, Otho S. Vernon and appellant herein to set aside the deed issued under the execution levied in the action first above mentioned. Though requested so to do, respondent title company, owing to the conditions which existed at the time the policy was written, declined to defend this action or to assume any liability resulting therefrom. On April 13, 1932, the superior court granted the relief prayed for, and in accordance with the decree plaintiff therein paid defendants therein $492.80 and said defendants executed a grant deed to the plaintiff. The findings in the Dunning case, which are conceded by counsel to be conclusive in the present action, included findings that Otho S. Vernon, as attorney for Mabel C. Noyes, had granted to defendants' counsel in the first action additional time in which to answer the complaint, but had nevertheless entered a judgment by default against said Hamilton upon the exact day when a default might have been entered had the time to answer not been extended; that said Vernon had personally served the summons and complaint upon Hamilton, who was then mentally and physically incompetent and who became hopelessly in-

sane; that said Vernon did not have a guardian *ad litem* appointed for said Hamilton, nor did he ever serve the summons and complaint upon the general guardian who was appointed January 10, 1929, and that notwithstanding these matters said Vernon secured a judgment by default and levied upon the real property of Hamilton; that said Vernon was well aware of the incompetency of Hamilton and the appointment of his general guardian prior to the sale of the property under the execution; that the property was bought at the sale for $440 by appellant, who was then a client of Vernon and later married him in August, 1929; that the reasonable value of said property was $6,000, "and that as such client and wife of said Vernon the said Mildred Stanford [Vernon] was charged with the knowledge of said Vernon of this matter".

Respondent's title policy included the provision: "This company will not be liable to anyone for loss or damage by reason of defects, liens or incumbrances . . . created or suffered by the insured, or known to the insured to exist at the date hereof and not disclosed in writing to the company." There is no claim that the insured made any disclosure of defects in her right to title.

While respondent title company had knowledge or constructive notice of the matters of record—the Noyes judgment, execution and sale to appellant, that the property was worth much more than the price for which it was sold, the guardianship of Hamilton and his being declared incompetent after the judgment but before the sale—these matters did not create any defect in the title, nor did they form the basis of the Dunning judgment. But as to those matters which formed the basis of that judgment,—the extension of time to answer granted defendant by Vernon and the entry of a default judgment without allowing to defendant the further time of the agreed extension, that the property was bought in by appellant, the client of Vernon, that no process was served on the guardian of Hamilton and that under the facts as found in the Dunning case appellant was charged with the knowledge of her attorney and husband, Vernon, "of this matter"—respondent had no knowledge or notice of any kind or character. Vernon, the agent and attorney as well as husband of appellant, knew all of these facts when he applied for the title policy. Appellant sent Vernon as

her *alter ego* to secure the policy. As against appellant, the principal, she is deemed to have notice of those matters of which Vernon had notice and which he ought in good faith to have communicated to her. (Civ. Code, sec. 2332; *Donald v. Beals,* 57 Cal. 399, 405; *Bierce* v. *Red Bluff Hotel Co.,* 31 Cal. 160, 161, 165.) Having sent Vernon, her agent and attorney, to the insurance company to secure a title policy (which, according to the testimony, would not have been issued had the facts as disclosed in the Dunning case been given to the company), appellant thereby authorized and directed Vernon to do those things necessary to consummate the insurance contract. The failure of Vernon to give notice of the defects, as well as the personal failure of appellant to give such notice to the title company, had the effect, under the policy condition above quoted, of relieving the insurer of any liability by reason of the matters known to appellant and her agent but not made known to the insurer, which was, therefore, under no obligation to defend the Dunning action nor to pay the loss, if any, which appellant suffered when compelled under the Dunning judgment to return the realty upon being reimbursed in the amount paid by her therefor at the sale, with interest.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.