## WAILEHUA *vs.* LIO.

APPEAL FROM DECISION OF McCULLY, J.

JANUARY TERM, 1886.

JUDD, C. J.; McCULLY AND PRESTON, JJ.

Where there is a conveyance to husband and wife: on the death of the wife, the entire estate vests in the husband.

*Paahana vs. Bila*, 3 Hawn., 725, approved.

The title of tenants in common must be conceded and at rest between them, or the Court has no jurisdiction to partition the estate.

OPINION OF THE COURT, BY JUDD, C. J.

This is a bill for partition of certain real estate granted to one Nalaweha by Royal Patent No. 1512.

The bill alleges that the premises were conveyed by Puuheana, the widow of said Nalaweha, to defendant, Lio, and Kamakaluhi, his wife, and claims that Kamakaluhi having died intestate, in 1883, her estate in the land descended one-half to her father, the plaintiff, Wailehua, and one-half to her husband, Lio.

The defendant demurs, on the ground that as the conveyance from Puuheana was to Lio and Kamakaluhi, who were husband and wife, on the death of Kamakaluhi the entire estate vested in Lio, the survivor.

This principle, controlling conveyances to husband and wife, was settled by this Court in the case of *Paahana vs. Bila*, 3 Hawn. 725 (1876). We see no reason for reversing it now.

Moreover, the title of the plaintiff being disputed to this land, it is not a proper subject of partition. The title of the tenants in common must be conceded and be at rest between them, or the Court has no jurisdiction to proceed to partition the estate. It would have been competent for defendant to have answered that the title of plaintiff was disputed, and this would have warranted the Court's dismissal of the bill without further discussion.

The bill is dismissed.

*M. Thompson*, for plaintiff.

*W. R. Castle* and *H. E. Avery*, for defendant.