KUANALEWA and NAMOKUEHA, her Husband, *vs.* KIPI, KEAKA and MAIWAHO, her Husband.

EXCEPTIONS FROM DECISION OF McCULLY, J., PRESIDING AT THE OCTOBER TERM, 1888, ON MOTION FOR A NEW TRIAL.

JANUARY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A conveyance of land to husband and wife vests the entirety in each of them and the whole estate in the survivor.

The husband, under the old marriage law, is entitled to the possession of land vesting in himself and his wife by entirety, during their joint lives.

A conveyance, by a tenant in common, of the whole land to third parties, whereby they are put in possession, is an ouster and dispossession of the other tenants in common.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of ejectment brought to recover possession of two pieces of land situate at Waipio, Ewa, Island of Oahu, comprised in Royal Patent No. 807, and which the plaintiffs claimed in fee, the said Kuanalewa to three-eighths thereof by descent and purchase, and the said Namokueha to one-eighth thereof by purchase, and to the other half thereof by reason of adverse possession for a term of twenty years and over of said plaintiffs and the ancestors of said Kuanalewa.

The cause was tried before McCully, J., and a native jury at the last October Term, and the jury were directed that they could give a verdict for only so much land as the plaintiff Kuanalewa had proved title to, and in any event to not more than seven-eighths of the land.

The jury returned a verdict for the plaintiffs generally. To which verdict the defendants excepted as being contrary to law and the evidence, and gave notice of motion for a new trial, which motion was argued before the said Justice on the twentieth day of October, who ordered that a new trial be granted unless

the plaintiffs filed a disclaimer to one-eighth of the land, and on the same day the plaintiff Namokueha filed such disclaimer.

The defendants excepted to this decision, which exceptions were argued at the last January Term.

At the trial the plaintiffs put in evidence Royal Patent No. 807, to Kaholohana, of the land in question, and proved his death in 1853, leaving one daughter, Keau, his sole heiress-at-law him surviving, and that Keau married one Puaalau and had issue : 1, Keauhanapono, married to Kuheleloa ; 2, Kaliko, who died young; and 3, Neiku, who survived his parents. The plaintiffs also put in evidence a deed dated the eighth day of August, 1856, whereby Keauhanapono (described as sole heir of Keau) and her husband Kuheleloa conveyed the land in question to one Manini (w.), and that Manini and her husband entered under this deed; and that Manini died, leaving two children, George (Harbottle) and Sarah (the plaintiff Kuanalewa). The plaintiff also put in evidence a deed dated 15th October, 1880, whereby the said George Harbottle conveyed his interest in the said land to the plaintiffs.

The plaintiffs gave testimony on other points which it is not necessary to consider.

The defendant put in evidence a deed dated the second day of July, 1888, whereby the Marshal of the Kingdom, in pursuance of a sale by public auction under an execution issued from the Supreme Court at the suit of Ah Wong against the said plaintiff Namokueha, conveyed to W. A. Kinney all the estate, right, title and interest which the said Namokueha was seized or possessed of on the 11th day of May then last of in and to the said lands.

Upon this evidence we have to consider what interests the plaintiffs held in the land at the time of the commencement of this suit (July 17th, 1888).

On the argument before McCully, J., counsel for the defendants contended that in any case, in view of the conveyance to Kinney, the plaintiffs could not recover more than three-eighths of the land.

At the hearing of the exceptions, counsel for the defendants contended that the plaintiffs could not recover anything, and that the plaintiffs having disclaimed as to one-eighth, all the estates were vested in Kinney as follows :

One-eighth in fee simple : " The custody, use, usufruct, rents, issues and profits " of one-eighth during the lifetime of Namokueha, or in case he survives Kuanalewa, until their children attain majority : The title to three-fourths subject to be defeated in case Kuanalewa survives her husband.

Counsel for the plaintiffs contended that the deed to Kinney did not pass any interest in the wife's land ; and that if anything passed, the defendants should have justified their possession under such deed.

With respect to this last point it is sufficient to say that the action being for the possession of land, it is competent for the defendant to show that the plaintiffs have not the immediate right of possession, and for that purpose to show that the plaintiffs have lost such right by conveyance, lease or otherwise to any persons.

But it seems to us that counsel on both sides have misapprehended the law applicable to the facts as before set out.

On the death of Kaholohana (the patentee) the land descended to his daughter Keau. On her death it descended to her children, Keauhanapono and Neiku, as tenants in common. By the conveyance of the 8th August, 1856, Keauhanapono ousted and disseized her brother Neiku, and the statute of limitations commenced to run. The grantee Manini and her husband in her right having entered, the land on the death of Manini descended to her children, George (Harbottle) and Sarah (the plaintiff Kuanalewa), in equal moieties as tenants in common. The plaintiff Namokueha became entitled to the rents and profits of his wife's moiety, and by the conveyance from George Harbottle to the plaintiffs they became entitled to the other moiety by entireties, consequently the conveyance under the execution to Kinney passed the rents and profits of one moiety during the joint lives of the plaintiffs and Namoku-

37

eha's curtesy to Kinney, together with the right to the other moiety, subject to such right being defeated by the death of Namokueha before his wife.   1 Bishop on the Law of Married Women, Sections 885, 621, 622; 1 Washburn on Real Property, page 673; *French vs. Mehan*, 56 Penn., page 286; *Barber vs. Harris*, 15 Wend., 615; *Paahana vs. Bila*, 3 Hawn., 725.

This statement, of course, supposes that the title in the plaintiffs is proved against the defendants, which is in accordance with the verdict of the jury.

The plaintiff Namokueha having filed a disclaimer as to one-eighth only on his own behalf, the condition made by McCully, J., was not complied with; and it seems to us that even if it had been, it would have still been in doubt as to which moiety of the land it would have applied.

We are therefore of opinion that in view of all the circumstances, a new trial should be granted, and it is so ordered.

*C. Brown*, for plaintiffs.

*W. O. Smith*, for defendants.