MALIKA PETERSON, by her next friend, JOHN
    CHARLES PETERSON, of Honolulu, Island of Oahu,
    *v.* KAANAANA, MALIKA (w) and G. M. KEONE,
    her husband, KEKAULA (k) and OPUNUI, his wife,
    of Ewa, Island of Oahu; KUHELELOA (k), KEALOHA
    (w) and NAILIMA, her husband, of the Island of Molo-
    kai; and MAKAOLE, widow, of said Ewa.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 27, 1896.          ·          DECIDED JULY 23, 1896.

JUDD, C.J., FREAR, J., AND L. A. DICKEY, ESQ., OF THE BAR IN
    PLACE OF WHITING, J., DISQUALIFIED.

In a partition suit, the question whether a co-tenant has been ad-
    vanced certain real estate not part of the land sought to be par-
    titioned, is not such a question of title as will deprive the court
    of jurisdiction.

An advancement is no part of an intestate's estate, and a co-tenant of
    the person receiving an advancement is not a necessary party to
    a suit for partition of the intestate's estate.

It is not necessary to show ouster to enable one co-tenant to compel
    another to account for rents received from third parties.

OPINION OF THE COURT BY L. A. DICKEY, Esq.

Plaintiff brought a bill for partition of the real estate of
Kaanaana, deceased, praying that certain property of the de-
fendants Malika Keone and G. M. Keone, referred to as the
"Nuka land," be brought into hotch-pot because acquired as
an advancement from Kaanaana (*i. e.,* that partition be made
according to Sec. 1457 of the Civil Code), and that certain

rents collected by Malika Keone and husband from the land to be partitioned be accounted for.

Defendants Malika Keone and G. M. Keone answered, filing accounts and denying that they had acquired the "Nuka land" from Kaanaana.

All parties agreed that a partition be made, and a commissioner was without objection appointed "to partition the real estate of Kaanaana, deceased," "to ascertain and report the amounts received and paid by the said Malika and G. M. Keone and of all parties herein as rents and profits," and "to inquire, investigate and report whether or not the said Malika and G. M. Keone were advanced a certain portion by the said Kaanaana, deceased."

August 17, 1895, the commissioner filed his report, finding as fact that Malika and G. M. Keone had received from the estate of Kaanaana $460.00, and that Kaanaana inherited a one-half interest in the "Nuka land," the other half interest belonging to one Kauhi. He made a partition, regarding a one-half interest in the "Nuka land" as an advancement to Malika Keone, and also apportioned to the different heirs of Kaanaana shares of the $460.00 rents collected by Malika Keone and G. M. Keone, and made them charges upon the portion of real estate apportioned to Malika Keone.

No attack was made upon this report in the Circuit Court.

March 28, 1896, a decree of partition was entered in accordance with the partition of the commissioner.

March 30, 1896, Malika Keone and G. M. Keone noted an appeal to this court "from the decision of Charles F. Peterson, commissioner appointed by the Circuit Court of the First Circuit, and from the decree filed herein upon such decision."

Appellants urge that as a question of title is involved in this case, the Circuit Judge in Chambers had no jurisdiction, that Kauhi is a necessary party to the suit, and that as no ouster has been alleged or shown of the other heirs of Kaanaana by the appellants, they cannot be held to account for rents received.

There is no question of title involved in this case which deprives the Circuit Judge in Chambers of jurisdiction.

The present title of all parties to the suit is unqualifiedly admitted and at rest between them. The only question of title is that of the source of Malika Keone's title to the "Nuka land," *i. e.*, the question whether it was or was not an advancement to her by Kaanaana. The rule invoked by defendants was adopted by this court in *Wailehua v. Lio*, 5 Haw. 519, but it applies only to the question of present legal title to an interest in the land sought to be partitioned. Where the disputed title is equitable, an equity court may decide it; Pomeroy Eq. Jur., Sec. 1388; Bispham Eq., Sec. 489; *Obert v. Obert*, 10 N. J. Eq. 102, and even the legal title of parties to the land to be partitioned may be decided in a partition suit where, as in the case at bar, the parties consent. Bispham Eq., Sec. 489.

No express finding was made by the commissioner that Kaanaana had given the "Nuka land" to Malika Keone as an advancement, but a finding was made that Kaanaana owned a half interest in it, which was the controverted point. All admit that the present title to the "Nuka land" is in Malika Keone, and the appellants did not raise the question whether a transfer from Kaanaana to Malika Keone was an advancement, but based their whole contention on the denial that Kaanaana ever owned the "Nuka land." Moreover, there was evidence to support a finding that Kaanaana, owning an undivided interest in the "Nuka land," gave it as an advancement to Malika Keone; the commissioner made the partition in accordance with such a finding; and that no express finding was made does not show that the partition was wrongly made, or that appellants have been injured in any way. The report must stand unquestioned here, and it authorizes the decree.

Kauhi is not a proper party to this suit, and the plaintiff was right in not making him a defendant. He had an undivided interest in the "Nuka land," but this is not part of the land to be partitioned. A portion of the "Nuka land" was an advancement, but an advancement is not a part of an intestate's estate. 1 Am. & Eng. Enc. of Law, 223.

The rents collected by Malika Keone and G. M. Keone were from outside parties, not benefits from their own occupation

of the premises, and it is necessary to show ouster to enable one co-tenant to recover from another only in case of benefits derived from actual use and occupation of the land by the co-tenant. In *Haw. Com. & S. Co. v. Waikapu S. Co.,* 9 Haw. 80, this court was careful to distinguish a claim on a co-tenant for rents from third parties from one for profits from actual use by the co-tenant.

The decree appealed from is affirmed.

*Kinney & Ballou,* for plaintiff.

*Magoon & Edings,* for defendants.