## POKINI ROBINSON *v.* JOSEPH AKE AHEONG and HAWAIIAN COMMERCIAL AND SUGAR COMPANY.

QUESTIONS RESERVED BY CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED SEPTEMBER 17, 1900. DECIDED DECEMBER 22, 1900.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A devise to husband and wife, before the Married Women's Act of 1888, created an estate in entirety.

A devise of "all my properties, real and personal, and of whatever kind," though without words of inheritance, carries the fee.

Three clauses of a will were in substance: 2. All my properties are hereby devised to my wife and two grandchildren. 3. If my wife dies then it shall pass to my grandchildren and to their heirs forever. 4. If one of my grandchildren shall die first, or they both perhaps, then it shall pass to their children and so on. The wife died before the testator. *Held*, the grandchildren took the whole property in fee simple under clauses 2 and 3. Clause 4 never became operative, and also did not show that the grandchildren were to have only a life estate with remainder to their children.

### OPINION OF THE COURT BY FREAR, C.J.

This is an action to quiet title to an undivided one-sixth of the land covered by Grant 2140 to Hikiau, containing 144.34 acres and situated at Hamakua and Makaiwa, District of Koolau,

Island of Maui. The defendant corporation claims only as lessee of defendant Aheong and so the contest is substantially between the plaintiff Robinson and the defendant Aheong. The case comes here on questions reserved by the Circuit Judge upon agreed facts and the will of Hikiau, who died seized of the land in dispute and whose will was admitted to probate in 1873. The will is in Hawaiian and the material clauses are translated as follows:

"Two. All my properties, real and personal, and of whatever kind, shall be and are hereby devised to Kahinu, my wife, and to Ahiona and Naukana, my grandchildren, to whom shall belong the aforesaid properties.

"Three. If Kahinu dies then it shall descend to my grandchildren and to their heirs forever. This too also, it is not intended by this will that it shall be possible to separate or partition the property and the portion of my wife Kahinu above mentioned, and if she intends to partition then by the income only, but there shall be no partitioning to her her portion aforesaid.

"Four. If one of my two grandchildren shall die first, or they both perhaps, then it shall descend to their children and so on."

Hikiau's wife Kahinu died first; then Hikiau himself, leaving the two grandchildren Ahiona (known also as S. P. Aheong and Aheona) and Naukana, who were husband and wife; then Ahiona died leaving Naukana and six children, among whom were the plaintiff, the defendant Jos. A. Aheong and one Benjamin A. Aheong. Afterwards Naukana conveyed all her interest in the land to Benjamin, who afterwards devised it to the defendant Jos. A. Aheong. Lastly, Naukana died.

The second question reserved is incomplete and unnecessary and need not be noticed. The other questions are:

"1. What estates did Aheona and Naukana acquire by the will of Hikiau in the property involved in this suit?

"3. Does plaintiff have any interest in said premises, and, if so, what is her interest?"

The devise to Kahinu lapsed by reason of her death before that of the testator, and on the death of the latter the entire

property went to the grandchildren Ahiona and Naukana. It is agreed that these, being husband and wife, took neither as tenants in common nor as joint tenants, but by the entirety. *Paahana v. Bila*, 3 Haw 725; *Wailehua v. Lio*, 5 Haw. 519; *Kuanalewa v. Kipi*, 7 Haw. 575.

If they took the fee, then, since on the death of Ahiona the whole property remained in Naukana by right of survivorship and since the latter conveyed it to her son Benjamin who devised it to the defendant Aheong, the defendant would now be entitled to the whole and the plaintiff to nothing. If they took for life only, then either the reversion went to Hikiau's heirs whoever they were, or the remainder would go to the grandchildren's six children under clause 4 of the will if that were operative, in which latter case the plaintiff would be entitled to one-sixth.

It does not appear who Hikiau's heirs were, and so in order to succeed upon the facts presented the plaintiff must establish (1) that Ahiona and Naukana took for life only and (2) that clause 4 is operative.

Take the latter proposition first. If the word "first" in clause 4 was intended, as counsel on both sides agree it was, if it was not inserted by mistake, to refer to the death of Kahinu, so that the clause would mean, "If one of my two grandchildren shall die before Kahinu, or they both perhaps, then it shall descend or pass (*ili*) to their children and so on," then, since the condition never happened, because neither grandchildren died before Kahinu, the clause never became operative. If "first" was intended to refer to the death of the testator, so that the clause would mean, "If either of my grandchildren shall die before me the testator," &c., the result would be the same, for neither grandchild died before the testator. A third possible construction would be to make the word "first" refer to the death of the other grandchild, so that the clause would mean, "If one of my grandchildren shall die before the other, or they both perhaps," &c., but this is clearly out of the question. The plaintiff submits, however, that the word "*e*" meaning "first," was probably

inserted by mistake for "*o*," which is inserted for euphony and perhaps emphasis in the corresponding place in clause 3, the two clauses beginning respectively, "*Ina e make o Kahinu*" and "*Ina e make e kekahi.*" But to substitute "*o*" for "*e*" before "*kekahi*" on the mere assumption of a mistake would be to take unwarranted liberty especially as "*o*" in that place would make bad Hawaiian.

In view of the conclusion that clause 4 did not become operative, it might be unnecessary to consider the other proposition, that the grandchildren took for life only, but as this is the proposition upon which the plaintiff lays particular stress, and as it would have to be considered if the first question reserved were to be answered, and as an answer to that question would be material in the circuit court in case the plaintiff should claim by way of reversion through the heirs of Hikiau, we will consider it. Did, then, the grandchildren take in fee or for life only?

It is agreed that if clause 2 of the will stood alone, the devisees would take in fee simple, although there are no words of inheritance. *Hemen v. Kamakaia*, 10 Haw. 551. This view, so far as the grandchildren are concerned, is strengthened by the use in clause 3 of the words "and to their heirs forever" after "grandchildren." The word "to" before "their heirs" is not sufficient to show that the heirs were to take by way of remainder. Those words must be regarded as words of limitation and not of purchase, although the rule in Shelley's Case is not in force here. It is immaterial whether the words, "If Kahinu dies" mean, "If she dies before me" or "If she dies before the grandchildren," or "If she dies at any time," that is "When she dies" or "Upon her death," nor is it material whether clauses 2 and 3 were intended to give here a life estate only or a fee simple (defeasible), for in any case, since she died both before the testator and before the grandchildren, the latter would take the fee under clauses 2 and 3. The question then is whether this construction, which would have to be put upon clauses 2 and 3 if they stood alone, must be changed by reason of clause 4.

Counsel agree that clause 3 taken as a whole shows that Kahinu was intended to take for life only, and also that the "it" in the first line of that clause refers, not to the whole property nor to the grandchildren's share, but to Kahinu's share only. It may be mentioned in passing that the verb "shall descend" has no subject expressed in the original in either clause 3 or clause 4. "It" is merely supplied in the translation. The plaintiff then contends that since clause 2 makes no distinction between the estates of the wife and grandchildren, and clause 3 shows that the wife was to take for life only, and the word "children" in clause 4 is a word of purchase, the grandchildren also were intended to take for life only, and that clause 4 was intended for the disposition of their share after their deaths just as clause 3 was intended for the disposition of the wife's share after her death,—the "it" in clause 4 referring to the grandchildren's share just as the "it" in clause 3 refers to the wife's share. The defendant contends, on the theory that clauses 2 and 3 gave the wife a life estate only and the grandchildren the fee, that the "it" in clause 4 refers, as does that in clause 3, to the wife's half, and that these clauses are both intended for the disposition of her half alone after her death in alternate contingencies, that is, clause 3 in case she should die before the grandchildren and clause 4 in case one or both of the grandchildren should die before her. Both these views are open to some, but the first to the greater, objections. Clause 4 is at best uncertain and therefore should not readily be allowed to control clauses 2 and 3 which taken alone are clear and give the children a fee simple. Further, to put plaintiff's construction on clause 4 would require us to either disregard the words "and to their heirs forever" in clause 3, or else construe them as words of purchase. It would also require us to disregard the word "first" in clause 4. It would also require us either to hold that on the death of one of the grandchildren the share of both would go immediately to their children although the other grandchild was still living, or else to disregard the nature of the estate as one in en-

tirety and hold that only the share of each grandchild should go on his or her death to their children.

If "it" was intended to refer to the whole property, the result would be the same. For, (1) since neither of the grandchildren died first, clause 4 did not become operative. And (2) the view that the grandchildren were to have only a life estate and that "it" referred to all the property, would be open to the objections above enumerated against the view that they took only a life-estate and that "it" referred to their half only, and to some additional objections, as, for instance, that in such case upon the death of one of the grandchildren, all the property would go under clause 4 to their children even though both the wife and the other grandchild were still living.

There is also the view that the plaintiff might take under some circumstances even on the theory that the grandchildren were to take the fee. If "first" referred to the death of the testator, the fee would be an absolute fee and clause 4 would be a substitutional clause which never took effect because the condition never happened, while if "first" referred to Kahinu's death, the fee would be a defeasible fee in which case also the condition never happened.

We answer the reserved questions as follows:

Ahiona and Naukana acquired by the will of Hikiau an estate in fee simple in entirety in the property involved in this suit.

The plaintiff has no interest in the said property.

The case is remitted to the Circuit Court for further proceedings.

*L. A. Dickey* for plaintiff.

*Kinney, Ballou & McClanahan* and *H. A. Bigelow* for defendants.