## MARY SYLVA KEANU v. KAOHI, KAHOOHANOHANO, NUU, and KALUNA.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED MARCH 12, 1902.          DECIDED MARCH 29, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A devise of "all that piece and parcel of land" carries the fee.

An expression that the devise "is to be her dower without any personal property but this is much more than if she took her dower of all my estate" does not show an intention that the devise was to be for life only.

### OPINION OF THE COURT BY FREAR, C.J.

Ejectment for apanas 1 and 2, L. C. A. 2,572. Trial by the court, jury waived, on agreed facts. Judgment for plaintiff. Exceptions by defendants.

The only question presented for our determination is whether under the will of one Manuel Sylva, admitted to probate in 1874, his widow, Ohina, took a fee simple or only a life estate. The plaintiff, daughter of the testator, claims on the theory that the widow, now dead, took only a life estate. The defendants claim under the widow by descent on the theory that she took a fee simple.

The devise in question reads as follows: "I will and bequeath to my wife Ohina all that piece and parcel of land situate in Waiehu by name Pahapahawale containing 3 acres and 46-100 it being the wish of my wife Ohina that I should do so and that is to be her dower without any personal property but this is much more than if she took her dower of all my estate."

It seems to be taken for granted, and we are of the opinion, that if this clause of the will had ended with the description of

the property, it would have carried the fee.   True, it has not been decided in this jurisdiction, so far as we are aware, that a devise merely of a "piece and parcel of land" would carry the fee in the absence of the word "heirs" or other words indicating an intention to devise the fee, although it has been held that the word "property" or the word "estate" in a will is sufficient to carry the fee.   *Hemen v. Kamakaia*, 10 Haw. 547; *Brown v. Brown*, 11 Haw. 47; *Robinson v. Aheong*, 13 Haw. 196.   But it has been held that a conveyance of a "piece of land" may carry the fee without the use of the word "heirs," and the reasoning by which that conclusion was reached would apply with greater force in the case of a devise.   *Branca v. Makuakane*, 13 Haw. 499.

It is contended, however, and the trial judge held, that the words relating to dower indicate an intention that the estate should be for life only, as dower in real estate is for life only. The devise, however, was not made as dower, for dower cannot be created or assigned by will.   It was in lieu of dower and might as well have been in fee simple as for life.   It was also in place of one-third of the personal estate absolutely as well as in place of one-third of the real estate for life.   It was also understood to be "much more than if she took her dower."

The exceptions are sustained, the judgment of the Circuit Court is reversed and the case is remanded to that court for further proceedings consistent with these views.

*J. M. Kaneakua* for plaintiff.

*W. A. Whiting* and *Geo. Hons* for defendants.