## JOHN T. BAKER *v.* MILIAMA PUNI.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED MARCH 5, 1902.  DECIDED APRIL 14, 1902.

FREAR, C.J., AND PERRY, J.

One who has the fee in one half and remainder in the other half of a piece of land may have partition as against the life-tenant of the latter half.

A conveyance in fee simple with a reservation or exception of a right in the grantor "to jointly use and occupy said property during her natural life, together with the grantee," does not leave in the grantor a life interest in more than one half the property, nor does it create such a personal relation between the grantor and grantee, who were mother and daughter, as to prevent the latter from alienating her interest.

### OPINION OF THE COURT BY FREAR, C.J.

This is a suit for the partition of certain land at Kukuau, Hilo, Hawaii, covered by R. P. 4,523, L. C. A. 234, and containing 56-100 of an acre, and the question is whether the estates of the plaintiff and defendant are such as can be partitioned.

The defendant, who was formerly sole owner, conveyed by

warranty deed this land "with all the privileges thereunto belonging or in any wise appertaining" to her daughter and "her heirs and assigns forever," but inserted in the deed after the warranty clause the following: "And the said Miliani Puni the grantor herein expressly reserves the right to jointly use and occupy said property during her natural life, together with the grantee." Afterwards the daughter by warranty deed in similar language conveyed the land to the plaintiff, but after the covenant that the land was free of all incumbrances inserted the following: "save and except that the grantor herein reserve to Miliama Puni of Hilo, Hawaii, Hawaiian Islands, the right to jointly use and occupy the same during her natural life."

The reservation in the daughter's deed of course did not affect the mother. It operated at most merely as an exception to what was granted so as to relieve the daughter from liability on her covenants after in terms granting the whole land in fee to the plaintiff. The plaintiff stands in the daughter's place, except that he would now be a tenant in common with the defendant if the daughter had been a joint tenant with her. The question is, what estates did the mother and daughter have after the execution of the mother's deed?

If the daughter had a fee simple subject to a life estate in the mother in one-half of the land, then each would have a present right of possession and could sue for a partition. *Allen v. Libbey*, 140 Mass. 82. This was the view taken by a former Circuit Judge on demurrer, but the present Circuit Judge, after a hearing on the merits, took the view that the defendant retained a life interest in the whole of the land and that her daughter, and afterwards the plaintiff, took merely an estate *in futuro* and that therefore the latter was not entitled to a partition. It is from the decree based on this view dismissing the bill that the plaintiff appeals.

We need not express an opinion as to the effect or meaning of the clause of reservation or exception in the mother's deed. It seems to be agreed by counsel that it operated to give or leave to her a life estate. In our opinion it did not give or leave to her

a life estate in more than one-half of the land. The clause purports to do no more than reserve to her "the right to jointly use and occupy said property during her natural life, together with the grantee." The land had in terms been granted absolutely in fee simple. The clause in question then at most gave or left to the grantor the right to use and occupy the land with the grantee. The grantee was not, as held by the Circuit Judge, given merely an estate *in futuro* with permission to live with the grantor during the latter's life, if she care to.

Nor can we hold, as contended by counsel, that the joint occupancy contemplated was of such a personal nature as not to permit of an alienation of the daughter's interest or at least an occupancy by a stranger in her place. The mother very likely did not contemplate the possibility that her daughter might convey her interest, but she did not effectually provide against such a contingency, assuming that she could have done so consistently with the rules of law. It is true, as suggested by counsel, that the words "heirs and assigns" are not found after the words "grantee" in this clause. But this would if anything tend to show that the grantor could not occupy after the death of the grantee or a conveyance by her rather than that the grantee's rights could not pass to others by descent or conveyance during the grantor's life. For, as already stated, the conveyance was to the grantee absolutely in fee simple, and the grantor thereafter had merely what she reserved or excepted, that is, a right to jointly use and occupy with the grantee. However, we think there was no intention to limit the grantor's use and occupancy to the grantee's life or to the period of her ownership or occupancy.

The appeal is sustained, the decree appealed from reversed and the case remitted to the Circuit Judge for further proceedings consistent with the foregoing opinion.

*Chas. M. Le Blond* and *Smith & Parsons* for plaintiff.

*W. S. Wise* and *Fitch & Thompson* for defendant.