# MARIA K. KING v. HAWAIIAN TRUST COMPANY, LIMITED.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 13, 1913.                    DECIDED JUNE 23, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

WILLS—*indefinite devise.*

An indefinite devise of land may be either for life or in fee according to the intention of the testator as gathered from the whole will.

SAME—*gift of income, rents and profits of land.*

It is a general rule that a gift of the income or the rents, issues and profits of land is to be construed *prima facie* as a gift of the property itself; but this, like all other rules of construction, yields to the intent of the testator.

SAME—*will construed.*

A testator devised and bequeathed his estate to a trustee in trust to control and manage the same and to pay the net income, rents and profits to T. J. C. during the term of his natural life, and after his death to "pay and deliver over the said net income, rents and profits to his daughters Lydia, Beatrice and Elizabeth, in equal parts if living, and if either of said daughters shall then be dead, the principal and property, the interest and income of which would otherwise be going to her, shall be paid directly to her lineal heirs, if any, and if none, the said interest and income shall be paid to the survivors equally, and upon the death thereafter of either of the survivors, my said trustee shall pay and deliver over the principal and property, the interest and income of which has theretofore been paid to her, to her lineal heirs if any, and if none such then exist, shall then pay and deliver the same to the collateral heirs of such one dead." Held, that the word "either" was used in the sense of "any;" that the word "thereafter" referred to the death of T. J. C. and meant the period following that event; the word "survivors" meant daughters surviving their father; and that the three daughters who survived their father were entitled to the income during their respective lifetimes only.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action to quiet title to a piece of land (R. P. 148) situate on King Street in the city and county of Honolulu. The

plaintiff claims to own an undivided one-third in the land in fee simple. The defendant claims the fee of the entire parcel as trustee under the will of Thomas Cummins, deceased.

The parties agreed upon the following facts: That the land described in the plaintiff's complaint was owned in fee simple by Thomas Cummins at the time of his death; that said Thomas Cummins died in the year 1885 leaving a will which was duly admitted to probate; that the land was devised by said will to Alexander J. Cartwright as trustee; that the defendant has succeeded to the trusteeship; that Thomas Jefferson Cummins, son of said Thomas Cummins, died on June 29, 1903; that on the date last mentioned the three daughters of said Thomas Jefferson Cummins named in said will were and still are living, the plaintiff herein being the one therein named as Beatrice; and that ever since the death of said Thomas Cummins the land in question has been in the possession and control of the trustee under the will.

The testator devised and bequeathed his property, real and personal, to the trustee directing him to control and manage the same and to keep the buildings on the real estate in good order and repair, and (first) to pay the net income, rents and profits thereof to his son Thomas Jefferson Cummins for his sole use and benefit during the term of his natural life, and (second) "After the death of my said son, the said Thomas Jefferson Cummins, shall pay and deliver over the said net income, rents and profits to his daughters Lydia, Beatrice and Elizabeth, in equal parts if living, and if either of said daughters shall then be dead, the principal and property, the interest and income of which would otherwise be going to her, shall be paid directly to her lineal heirs, if any, and if none, the said interest and income shall be paid to the survivors equally, and upon the death thereafter of either of the survivors, my said trustee shall pay and deliver over the principal and property, the interest and income of which has theretofore been paid to her, to her lineal heirs,

if any, and if none such then exist, shall then pay and deliver the same to the collateral heirs of such one dead."

In the circuit court the defendant obtained judgment. The plaintiff brings exceptions.

This will was before the court in *Estate of Thomas Cummins,* 16 Haw. 185. The court there referred to one of the contentions advanced in that proceeding by the trustee as "a claim which would have great force if the appellants (daughters of Thomas Jefferson Cummins) were the remaindermen, and had come into possession of the estate upon the determination of the trust. But they are not so. They also are life beneficiaries of the income only." Counsel for the plaintiff claim that what was said was mere dicta; that the point was not argued or contested, but was assumed by court and counsel; and that the title to the real estate was not involved in that proceeding. On behalf of the defendant it is claimed that the ruling made in the former case was a binding decision upon the main question raised here. Whatever may be the proper view to take of the matter we prefer, under the circumstances, to rest our conclusion upon the construction of the will as we view it.

Basing her claim upon the rule that a devise of the income or the rents, issues and profits of land is *prima facie* a devise of the land itself, the plaintiff contends that as the three daughters of Thomas Jefferson Cummins survived their father the will gave them, on his death, the property in fee simple. The argument is that as the word "heirs" is not necessary to a devise of land in fee simple, and as the only contingency imposed by the will upon the payment of the income to the three daughters was that they should be living at the time of the death of their father the requirement was fulfilled by the event, and the remaining provisions of paragraph "second" of the will "dependent on contingencies which never happened are absolutely inapplicable and should not be considered."

It is true, as contended, that words of inheritance are not necessary in a will to carry the fee. But it does not follow that

because a devise is not expressly for life that it must be in fee. An indefinite devise may be either for life or in fee according to the intention of the testator as gathered from the whole will. *Hemen* v. *Kamakaia,* 10 Haw. 547, 551; *Keanu* v. *Kaohi,* 14 Haw. 142.

It is also true that a gift of the income or the rents, issues and profits of property is to be construed *prima facie* as a gift of the property itself. *Hapai* v. *Brown,* ante, page 505. But this, like all other rules of construction, yields to the intent of the testator and will not be used to defeat his intention. We must take the will as a whole. In examining the second paragraph we cannot stop at the word "living" and say that it is enough that the language used up to that point is sufficient to carry the land to the daughters in fee. We must read further in order to ascertain what was intended by the indefinite devise, and whether the devise of the income was intended to be of the property itself. It is possible, but quite improbable, that it was the intention of the testator that if one of the daughters should happen to pre-decease her father without lineal heirs the surviving daughters should take only the income for life whereas if all the daughters should survive their father they would take the whole corpus of the estate. Such a plan would not readily be attributed to the testator as there is no apparent reason for his making the distinction suggested. A construction which fully and fairly accounts for every part of paragraph "second" and makes a consistent and reasonable scheme is to be preferred.

The word "either" is sometimes used in the sense of "any." 14 Cyc. 1232; *Lafoy* v. *Campbell,* 42 N. J. E. 34, 37; *People* v. *Willis,* 39 N. Y. S. 987, 989; *Chidester* v. *Railway Co.* 59 Ill. 87, 89. It was used in the sense of any of three in the second paragraph of this very will in the sentence "if either of said daughters shall then be dead." Where the word was used again in that paragraph we think it was used in the same sense. The word "thereafter" obviously refers to the death of the son, and means the period following that event. The word "survi-

vors" was used twice and in each instance it meant daughters surviving their father. The mere fact of having survived one of the daughters would not entitle another daughter to take unless she, in turn, survived her father. In order for a daughter to take anything under the will she must have outlived her father. See in this connection, *Brimmer* v. *Sohier,* 1 Cush. 118, 129; *Taylor* v. *Stephens,* 72 N. E. (Ind.) 609, 613.

The second paragraph of the will was very concisely drawn, and every possible contingency was not expressly provided for, but we believe the testator's intention appears with reasonable clearness. Taking the paragraph in its entirety the following intent is evidenced; that upon the death of Thomas Jefferson Cummins, if any of the daughters shall have pre-deceased him, one-third of the corpus of the estate should go to the lineal heirs of the daughter, or, if more than one, to the lineal heirs of each of the daughters so deceased; that in case the daughter or daughters so dying should have left no lineal heirs the surviving daughter or daughters should receive the income for life; that in the event of all the daughters surviving their father they should share the income equally during their respective lifetimes, and upon the death of each daughter one-third of the corpus of the estate would go to her lineal heirs, if any, and otherwise to her collateral heirs. Omitting that part of the paragraph which refers to the contingency that did not happen, i. e., the death of a daughter in the lifetime of the father, and leaving out words which do not change the sense, the paragraph would read, "After the death of my said son * * * shall pay and deliver over the said net income * * * to his daughters * * * in equal parts * * * and upon the death thereafter of either of the survivors, my said trustee shall pay and deliver over the principal and property, the interest and income of which has theretofore been paid to her, to her lineal heirs, if any, and if none such then exist, shall then pay and deliver the same to the collateral heirs of such one dead." The same result is reached, therefore, whether the paragraph be read and construed

as a whole, or whether the intermediate clause be eliminated.

The fact that the testator drew a clear distinction between "the income, rents and profits" 'on the one hand and "the principal and property" on the other, the former being payable to the daughters and the latter to their lineal or collateral heirs, shows that the gift of the former was not intended to be a gift of the corpus of the property. In this respect the will in hand differs materially from that considered in the case of *Brown* v. *Hapai.* The only direct gift to the daughters was in the direction to the trustee to pay them the net income of the property. And the devise of the principal of the estate to the heirs of the daughters shows conclusively that the gift of the income was intended to be for the terms of the lives only of the daughters.

The exceptions are overruled.

*Thompson, Wilder, Watson & Lymer* for plaintiff.

*Prosser, Anderson & Marx* and *S. E. Hannestad* for defendant.