## REBECCA L. WAIWAIOLE *v.* LYDIA KULAEA AND KULAEA, HER HUSBAND, JOSIAH K. WAIWAI-OLE AND LAURA K. WAIWAIOLE, HIS WIFE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED JUNE 28, 1915.                    DECIDED JULY 2, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PARTITION—*pleading—averment of title.*
    In a bill for the partition of land the complainant must show that he is a tenant in common of an estate in possession. This requirement is met by averments that the complainant and the defendants (in undivided shares) own the land in fee simple. Actual possession by the complainant need not be averred.

SAME—*accounting—rents.*
    In a suit for partition a cotenant may be required to account for rents collected by him from third parties for the use of the common land.

EQUITY—*pleading—verification of bill.*
    A jurat to a bill in equity by which the complainant deposes that "the matters and things therein stated are true of his own knowledge, save as to the matters therein alleged upon informa- tion and belief, and those he believes to be true," is in compliance with rule 25 of the circuit court of the first circuit.

OPINION OF THE COURT BY ROBERTSON, C.J.

The complainant filed a bill for the partition of certain land, and for an accounting for rents alleged to have been collected by the defendant Lydia Kulaea. The bill, *inter alia,* contained the following averments:

"2. That your petitioner is the owner in fee simple of an undivided one-third (1|3) part and share of the lands and tenements situate at Kamakela, Honolulu aforesaid, being a portion of the land described in R. P. 6817, L. C. A. 2177, and particularly bounded and described in the Schedule hereto annexed and hereby made part hereof, marked Exhibit A."

"3. That your petitioner is informed and believes and upon such information and belief alleges that said respondents are entitled to the remaining undivided two-thirds (2|3) of said lands in fee simple."

"5. That your petitioner is informed and believes and upon such information and belief alleges that said respondent Lydia Kulaea has for several years past collected the rents issues and profits from a portion of said land and has used and enjoyed the balance of said land in common with said petitioner. That said petitioner has demanded an accounting from said respondent Lydia Kulaea of and concerning said rents issues and profits and has requested said respondent Lydia Kulaea to pay to petitioner her share of such rents issues and profits but said respondent Lydia Kulaea has failed and refused to make any accounting and to pay any portion of said rents issues and profits."

The defendants demurred separately to the bill on the grounds that sufficient facts to entitle the complainant to the relief sought were not stated; that it does not appear that the defendants claim any interest in the land, or that the complainant and defendants are cotenants in or of the land; and that it does not appear that at the time of the alleged collection of rents the complainant had any right, title or interest in the land, or that she was, at that time, a cotenant therein of said Lydia Kulaea.

The complainant appeals from a decree sustaining the de-

murrers and which was evidently intended to dismiss the bill upon the complainant's declining to amend.

Counsel for the appellees contend that the complainant in a partition suit must show not only title, but also possession or the right of possession; that it must be shown that a cotenancy exists between the parties, and that the defendants in fact claim an interest in the land.

Counsel cite 30 Cyc. 189, to the effect that the right to partition land is dependent on the plaintiff's being "a cotenant entitled to possession as such of the land sued for." That means, as shown by the paragraph of the text next following (p. 190), that the "plaintiff must show that he is a tenant in common of an estate in possession." This is a well settled general rule. 15 Enc. Pl. & Pr. 784; *Baker* v. *Puni,* 14 Haw. 179; *Allen* v. *Libbey,* 140 Mass. 82. And the requirement was sufficiently met by the averments in the bill that the complainant "is the owner in fee simple" of an undivided one-third of the land and (upon information and belief) that the defendants "are entitled to the remaining undivided two-thirds of said land in fee simple." The pleader "will be aided by the presumption that possession usually follows the legal title when no adverse possession is shown." 6 Pom. Eq. Jur., Sec. 709. Actual possession by the complainant need not be averred. "A constructive possession, such as the law draws to the title, is sufficient for the maintenance of the action. It is alleged that the ancestor and each of the parties owned in fee, and that is all that is required." *Wainman* v. *Hampton,* 110 N. Y. 429, 433. See also *Heinze* v. *Butte &c. Min. Co.,* 126 Fed. 1. Title in fee simple—the highest estate in land known to the law—is an estate in possession, and an averment of ownership by such a title implies the right of immediate possession. *McBryde Sugar Co.* v. *Koloa Sugar Co.,* 19 Haw. 106, 122; *Gage* v. *Kaufman,* 133 U. S. 471. That the parties are cotenants of the land necessarily follows from their undivided ownership of the premises in fee simple, and it was not necessary to aver that, in addition to own-

ing· such an interest, the defendants in fact "claimed" such interest.

The contention that the bill does not show that at the time the respondent Lydia Kulaea is alleged to have collected rents, issues and profits from the land there was an existing cotenancy between her and the complainant is not sustained. The averment might have been more explicit, but we think that the fact sufficiently appears from paragraph 5 of the bill. A cotenant may be required to account for rents collected by him from third parties for the use of the common land. 30 Cyc. 232; *Peterson* v. *Kaanaana,* 10 Haw. 384, 387.

The circuit judge was in error in taking the view that the verification of the bill was not in accordance with circuit court rule 25. The jurat to the bill was in the usual form. By it the complainant deposed that "the matters and things therein stated are true of her own knowledge, save as to the matters therein alleged upon information and belief, and those she believes to be true." This was in compliance with the rule which was designed to inhibit the verification of entire bills upon information and belief, and to segregate in the jurat matters stated positively from those averred upon information and belief.

The demurrers should be overruled.

The decree appealed from is reversed and the case remanded to the circuit judge for further proceedings.

*C. F. Peterson* for complainant.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for defendants.