APPLICATIONS NUMBERED 658 AND 659 OF "COR-
PORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER DAY
SAINTS," TO REGISTER LAND IN MAKAKA,
KAU, HAWAII.

Nos. 1743 and 1744.

ERROR TO LAND COURT.
HON. E. K. MASSEE, JUDGE.

SUBMITTED MAY 9, 1927.                    DECIDED MAY 16, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

WILLS—*devise of rents—as passing interest in land to which appur-
tenant.*

A gift of the income of property is to be construed as a gift of
the property itself unless other language in the will indicates a
contrary intent.

SAME—*construction of particular clauses concerning rents.*

In a will a gift of the rents of the land to U for his lifetime
and after his death to a church, with power in K, with the con-
sent of U, to sell the land during U's lifetime and with the fur-
ther statements that upon such a sale by K the church "loses" or
"takes nothing" and that "my blood relatives get no right in my
property" is construed as a bequest of the rents of the land to
U for his lifetime and a devise of the land to the church from
and after U's death,—the power of sale not having been exercised.

OPINION OF THE COURT BY PERRY, C. J.

These are proceedings instituted in the land court for
the registration of title to land. The applicant is the
"Corporation of The President of the Church of Jesus
Christ of Latter Day Saints," also known as the "Mor-
mon Church (Latter Day Saints)." The prayer is that its
title to an undivided one-half interest in certain parcels
of land be registered. Other claimants appeared contest-

ing the claims of the petitioner. The petitioner claims under the provisions of the will of Mrs. Kilikina Unea. The contestants claim under the same will or, in part at least, under the husband of the testatrix upon the theory of intestacy. However that may be, the question is not whether the contestants have title but whether the petitioner has title.

The will in question reads as follows: "In the Name of God Almighty, Amen.

"I, Mrs. Kilikina Unea, of Kalaupapa, Molokai, T. H., being ill and it not being known what the end of the illness (may be) and while I am (yet) of sound mind and free of any undue influence,

"Therefore, I make and publish this my last will concerning my property of every kind.

"Because of my love for my husband, J. T. Unea, through his kindly care of me, I give my property of every kind to J. T. Unea, according to the provisions set forth below.

"*One.* After my death I give my personal effects of every kind now in the house, to J. T. Unea and his heirs and assigns forever.

"*Two.* My house lot on South Street, Honolulu, I give to J. T. Unea and his heirs and assigns forever, because he paid in full on April 25, 1898, the mortgage of $100 which I and my former husband J. M. Keliikuala, had borrowed from H. Dimond, of Honolulu, on August 12, 1890.

"*Three.* I give (to him) also the ten shares standing in my name in the Hawaii Land Company, because we together saved the (purchase) money and according to our agreement the stock has stood in my name.

"*Four.* The yearly rents of my half share of the land of my grandfather Alohikea at Makaka, Kau, Hawaii, leased to C. Brewer & Co., Agents for the Hawaiian

Agricultural Company, for 15 years expiring April 1, 1917, for $120. a year, payable quarterly in advance.

"I give these rents to J. T. Unea for his lifetime, and after his death I give these rents to the Mormon Church (L. D. S.) for the (purpose) of helping widows, orphans, poor and needy.

"But, furthermore, the power to sell this land I have given my niece, Kala, alone, provided J. T. Unea approves (such sale) and such sale takes place before his death. Then (upon such sale) the Mormon Church loses (i. e. takes nothing).

"*Five.* My blood relatives get no right in my property as I have shown above.

"In Witness Whereof I sign. my name this 17th day of February, 1903."

The contest is as to the intent of the testatrix as shown in the clauses marked "four" and "five" of the will. One of the contentions of the contestants is that the words "these rents" in the second paragraph of clause "four" refer merely to the rents receivable from C. Brewer & Company or the Hawaiian Agricultural Company under the lease mentioned in the first paragraph of clause "four." We are of the opinion, however, that the correct construction of the language used is that the rents referred to in the second paragraph are those receivable from the land irrespective of whether they accrued under the lease mentioned or without that lease and that the reference in the first paragraph of the clause to the lease is merely by way of .description of the land and not by way of limitation of the class of rents devised. It is as though the language of the first paragraph of the clause were, "the yearly rents of my half share of the land of my grandfather Alohikea, at Makaka, Kau, Hawaii, which is leased to C. Brewer & Company," etc. This view is strengthened by the fact that the rents are devised

first to the husband, Unea, "for his lifetime." In spite of the fact that Unea is said to have been suffering from leprosy at the date of the will it was uncertain whether he would die before the expiration of the lease. Construing the "rents" as meaning those derivable from the land, irrespective of the particular lease mentioned, there would be no inconsistency in case of the husband's surviving the lease for a substantial period of time, as actually happened; whereas, to say that the rents referred to by the testatrix were merely those accruing under the lease would leave an inconsistency in the event of the husband's long surviving the lease,—an inconsistency with the added provision that the devise was to him "for his lifetime." In this jurisdiction the general rule is well settled that "a gift of the income or the rents, issues and profits of property is to be construed as a gift of the property itself unless from some language in the will it appears that the testator intended something different." *Hapai* v. *Brown,* 21 Haw. 499, 505. This rule was again recognized in *King* v. *Hawaiian Trust Co.,* 21 Haw. 619, 622. To the same effect are 30 A. & E. Ency. L. 715, 716 and 40 Cyc. 1536, 1537. The devise of the rents to Unea is expressly and unambiguously declared by the testatrix to be "for his lifetime" only; and it is but an application of the general rule just stated to construe the devise of the rents to the Mormon Church to be *prima facie* a devise of the land itself to that institution. In so far as the gift to the Mormon Church is concerned, there is nothing to the contrary in the will; and the third paragraph of clause "four" further indicates the purpose to give the land to the church. By that third paragraph "the power to sell this land" is "given my niece, Kala, alone, provided J. T. Unea approves (such sale) and such sale takes place before his death. Then (upon such sale) the Mor-

mon Church loses (i. e. takes nothing)." The testatrix in this paragraph clearly directed that the niece, Kala, should have the power to sell the land during Unea's lifetime, with his approval, and that upon such sale taking place the Mormon Church would lose, the implication being that if the sale were not made during Unea's lifetime and with his approval the gift to the Mormon Church would remain in full force and effect. There is no substitutional clause providing a gift over to another in the event that the power to sell was not exercised. That power, under the evidence, was not exercised and the Mormon Church did not lose what it was given by the earlier paragraph of the clause. Again, in clause "five" the testatrix, in unambiguous language, says: "My blood relatives get no right in my property as I have shown above." In other words, her will is its own dictionary. It shows that what was given to Kala was a mere power of sale and not a devise of the land or its proceeds.

The decrees appealed from are affirmed.

*J. S. Ferry, Thompson, Cathcart & Beebe, M. E. Winn, J. L. Coke* and *E. Aiu* for plaintiffs in error.

*A. F. Judd* and *E. A. Mott-Smith* for defendant in error.